Cook
v.
Barrett et al.

---

## Cook vs. Barrett and another.

Where A owes B, and C owes A the same amount, an oral agreement among all the parties that C shall pay B, and that B shall look to C for his pay, discharges A, and is not an agreement by C to be answerable for the debt of another within the meaning of the statute of frauds.

Judgment for costs should not include the fees of witnesses called by the party *against* whom such judgment is rendered.

APPEAL from the Circuit Court for *Jefferson* County.

This action was brought before a justice of the peace to recover for several items of indebtedness, of which the following was the last set forth in the bill of particulars: "April, 1860. Paid John Walker, $400. " The evidence given as to this item on the trial, is stated in the opinion of the court. Judgment for the plaintiff for damages and costs, including in the latter the fees of the defendants' witnesses. On appeal to the circuit court, the judgment was affirmed.

*Enos & Hall*, for appellants :

June Term,
1862.

COOK
v.
BARRETT et al.

1. The agreement under which the plaintiff seeks to recover the item of $4.00, was without consideration, and if it had a consideration, is void by the statute of frauds. So long as the indebtedness of Walker remained, the verbal promise of the *Barretts* to pay this debt to *Cook*, is void, unless founded upon a new and original consideration of benefit to the *Barretts*, or harm to *Cook*, moving to the party making the promise, from *Cook* or Walker.   21 N. Y., 412; 8 Johns, 29; 1 Wis., 77; 10 id., 422.   2. The justice erred in including in the judgment against the defendant for costs, the fees of the defendants' own witnesses.

*D. F. Weymouth, contra*, on the first point, cited 17 Mass., 236; 10 Johns., 412; 4 Cow., 432; 7 id., 639; Riley, S. C., 44; 2 J. J. Marsh, 309; 1 Scam., 58; 2 Denio, 45.

*By the Court*, COLE, J.   As we understand the facts of this October 11. case, the last item of the respondent's account does not come within the statute af frauds. It is not the promise to answer for the debt or default of another, but an original undertaking by the *Barretts*. It appears that Walker was owing *Cook*, and that the *Barretts* were owing Walker. So it was agreed by and between all the parties, that *Cook* should release his debt against Walker and look to the *Barretts* alone for the payment of the four dollars. For *Cook* says in substance, in his testimony:  " Walker owed me and worked for the *Barretts* to the amount of four dollars, and it was agreed between me, the *Barretts* and Walker, that the *Barretts* should pay me the four dollars, and that I was to look to them for it."   If this were so, we suppose the original debt from Walker to *Cook*, and that from the *Barretts* to Walker, were discharged, and the new debt was substituted in lieu of those previous debts.  *Cook* could no longer look to Walker for payment, because he had released him by this new arrangement and accepted the *Barretts* for his debtors.   This brings the case precisely within that class of decisions which hold that when the original debt becomes extinguished, and the creditor has only the new promise to rely upon, it is not within the statute.   All the cases cited by the counsel for

June Term,
1862.

the appellant recognize this distinction, and we do not understand him to controvert the position that if Walker's debt was extinguished by *Cook* in consideration of the *Barretts*' agreement to pay it, then they are liable.　As we understand the evidence, this was the case.

We suppose, however, that the justice erred in taxing the fees of the appellants' witnesses against them.　Where a party recovers judgment in an action like this, the statute permits him to recover his costs.　But we do not understand that he has a right to recover the costs of the other party.　It does not concern the respondent whether the appellants pay their witnesses or not.　*He* has not paid them, and is not liable to pay them ; why then should he recover their fees in his judgment?　We are not aware of any reason why he should, and think they must be struck out of the judgment.

The judgment must be modified 'so as to strike out the $4.45 for fees for the appellants' witnesses, and affirmed as to the residue.