Clark v. Imbrie.

W. H. CLARK, *et al.,* v. N. R. IMBRIE, *Executrix, &c.*

NEW TRIAL; *Errors Waived.* Where a motion for a new trial alleges only that the finding and judgment are not sustained by the evidence; that the finding and judgment are contrary to law, and that the judgment is largely in excess of the amount due, all "errors of law occurring at the trial" are waived, and the competency of rejected evidence cannot be considered and determined by the supreme court upon the record. Such errors, having been waived in the trial court, cannot be complained of in this court. (*Nesbit v. Hines,* 17 Kas. 316; *City of Atchison v. Byrnes,* 22 Kas. 65.)

*Error from Franklin District Court.*

ACTION brought by *Nancy R. Imbrie,* as executrix of the estate of D. R. Imbrie, deceased, against *Clark* and another, upon a note and mortgage. Trial at the September Term, 1880, of the district court, and judgment for the plaintiff. The defendants bring the case here.

*Clark & Wilkinson,* for plaintiffs in error.

*A. W. Benson,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: On July 27, 1871, Wm. H. Clark, plaintiff in error, together with one M. E. Cheney, made his promissory note to D. R. Imbrie for $500. On July 27, 1872, Clark,

with his wife, executed a mortgage upon real estate in Franklin county to Mrs. N. R. Imbrie, as the executrix of the estate of D. R. Imbrie, deceased, to secure the payment of the note. At the latter date, D. R. Imbrie was dead, and Mrs. N. R. Imbrie was his executrix. Cheney also died before the commencement of the action. On July 22, 1880, Mrs. N. R. Imbrie, as executrix, began this action to recover on the note and foreclose the mortgage. The defense was, that the contract was usurious, and that having been made in 1871, all interest was forfeited. All the evidence of Clark tending to establish usury was, on motion of the defendant in error (plaintiff below), stricken out as incompetent, under § 332 of the code. This ruling of the trial court is now assigned as error.

The counsel of the defendant in error objects to the consideration of the question submitted, on the ground that the rejection of such testimony was not brought to the attention of the trial court in the motion for a new trial. The objection is good. The motion for the new trial (omitting court and title) was as follows:

"Now come said defendants and move the court to set aside the findings and judgment heretofore rendered in this cause, for the reasons —

"1st. That said findings and judgment are not supported by sufficient evidence, and are contrary to law.

"2d. That the amount for which judgment was entered is largely in excess of the amount due.

"W. H. CLARK, *Defendants' Att'y.*"

As no "errors of law occurring at the trial" were stated in such motion, and as the only error complained of is one alleged to have occurred at the trial, such error was waived. Having been waived in the trial court, it cannot now be considered as any reason for the reversal of the judgment. (*Nesbit v. Hines*, 17 Kas. 316; *City of Atchison v. Byrnes*, 22 Kas. 65.)

The judgment must be affirmed.

All the Justices concurring.