THE MANHATTAN, ALMA & BURLINGAME RAILROAD
COMPANY v. D. C. KEELER.

1. VERDICT AND SPECIAL FINDINGS, *Conflicting.* Where an action is tried before the court and a jury, and a general verdict is rendered and special findings are made by the jury, which verdict and many of the special findings are against the preponderance of the evidence, and the special findings are conflicting; and the defendant moves for a judgment upon the findings, and also for a new trial; and the trial court overrules the motion merely *pro forma,* and renders judgment in favor of the plaintiff and against the defendant: *Held,* That the supreme court will order that such judgment should be rendered or order made as should have been rendered or made in the first instance.

2. NEW TRIAL; *Erroneous Ruling.* It is error for a trial court to overrule a motion for a new trial merely *pro forma.* Every trial court should exercise its best judgment when such a motion is presented to it, and should rule accordingly.

*Error from Wabaunsee District Court.*

ACTION by *Keeler* against the *The Railroad Company,* to recover damages for the destruction by fire of two stacks of hay belonging to plaintiff. At the October Term, 1883, the plaintiff recovered a judgment for $234 and costs against the defendant company. It brings the case here. The material facts are stated in the opinion.

*A. A. Hurd,* and *Robt. Dunlap,* for plaintiff in error.

*Case & Curtis,* and *H. A. Pierce,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of Wabaunsee county by D. C. Keeler against the Man-

hattan, Alma & Burlingame railroad company, to recover damages for the alleged destruction of two stacks of hay by fire alleged to have been negligently caused by the defendant "in running its engine and train of cars over its road through said county." A trial was had before the court and a jury, and a general verdict was rendered in favor of the plaintiff and against the defendant, and the jury also made special findings of fact, and judgment was rendered in favor of the plaintiff and against the defendant upon this verdict and these special findings of fact. The defendant now brings the case to this court, and asks for a reversal of such judgment.

It appears from the evidence that on or about November 16, 1881, shortly after the defendant's train had passed a point on its road about a mile and a half west of Eskridge, in going from Manhattan to Burlingame, and at a low place between hills, a fire sprang up, ran up over the hill on the north side of the road, and out upon the open prairie, and the wind being very high, the fire spread to a distance of about three miles from the starting-point, where it consumed two stacks of hay belonging to the plaintiff. Two furrows had been plowed around the hay, but the grass between them had not been burned — a precaution usually resorted to by farmers in that locality to prevent fire. There was no direct evidence as to how the fire originated, whether from the engine or from one of the cars, whether from sparks or cinders, or from a lighted cigar, or whether the fire was thrown out by some person on the train, or accidentally escaped from the train, or was caused in some other manner. One witness testified that he went back to the place where the fire was supposed to have started, four or five hours afterward, and saw some coal cinders scattered around, but did not examine them to see whether they were fresh, or not. The engine attached to the train had been used on the Atchison, Topeka & Santa Fé railroad, and was old, though in good repair, and was furnished with all the appliances for preventing the escape of fire. It was examined shortly before the fire occurred, and on the night following the fire, and found to be in perfect order. It was properly

managed by competent servants at the time. No other engine was run over that road during the fall of that year, and no other fire occurred during that year. The jury made the following, among other special findings:

QUESTIONS PROPOSED BY THE DEFENDANT.

"3. Was not said engine carefully inspected shortly before and on the night following the day on which the fire is alleged to have occurred, and also on the Sunday following, and was not said engine then found to be in perfect order? *Answer:* It probably was."

"5. Was not the engine on that day on which the fire is alleged to have been set out skillfully managed by a competent and careful engineer, and also fireman? A. Yes."

"8. Is it not a fact that on the day on which the fire was set out a passenger in the coach upon the morning train going to Burlingame, and which is charged with setting out the fire, threw out of the window at the place the fire started, a lighted cigar? A. Not according to the evidence."

"11. Could the railroad company or its agents, by the exercise of reasonable diligence at or before the time of permitting said fire to escape, if such be the case, have anticipated the burning of the plaintiff's property at a distance of about three miles from the railroad track, as likely to occur, and as the natural and probable consequence of permitting said fire to escape? A. No."

"15. Did not the defendant use such care in the construction, maintenance and use of its property, the engine in question, as a man of ordinary prudence would have used under like circumstances? A. Probably did."

QUESTIONS PROPOSED BY THE PLAINTIFF.

"1. Was the fire the result of the throwing of coal from the train by any of the employés of the defendant? A. We do not know."

"5. From where, and how, did the fire come that caused the loss? A. From train."

The jury also found not only by their general verdict, but also in their special findings, that the fire was caused by the negligence of the defendant; but just how it was caused by the negligence of the defendant, or in what the negligence consisted, they have nowhere been able to state.

The defendant filed a motion for judgment upon the special

findings of the jury, and also filed a motion for a new trial, both of which motions were overruled by the court *pro forma*, and judgment was rendered upon the verdict and findings, as before stated, for $234 and costs.

The preponderance of the evidence we think shows that the fire which caused the injury to the plaintiff's property was a purely accidental fire, and therefore that the railroad company is not responsible therefor. (*L. L. & G. Rld. Co. v. Cook*, 18 Kas. 261, and cases there cited; *A. T. & S. F. Rld. Co. v. Riggs*, 31 Kas. 622.)

We think also that the special findings of the jury upon the question as to whether the fire was purely accidental, or not, are conflicting. The jury in substance find that the railroad company exercised reasonable and ordinary care, and they also in substance find that the company was guilty of negligence; which findings are in themselves inconsistent and conflicting, and they cannot both be true. The eleventh finding is in favor of the defendant and against the plaintiff, but it is a finding against the preponderance of the evidence. Any person, by the exercise of reasonable diligence, could have anticipated the burning of the plaintiff's property as a natural and probable consequence of the fire set out in the present case; for dry grass and weeds extended all the way from the place where the fire was first kindled to the plaintiff's stacks, and a very strong wind was also blowing at the time. If this eleventh finding were really true, the plaintiff should not recover; but it is not sustained by the preponderance of the evidence, and is probably not true. The jury failed to respond intelligently to some of the questions put to them, and the court, by overruling the plaintiff's motions merely *pro forma*, did not indicate whether it approved the verdict and findings of the jury, or not. The failure to act upon the motions in the ordinary way would indicate that the court did not approve of the verdict and findings; but the fact that the court rendered judgment upon such verdict and findings in favor of the plaintiff and against the defendant, would seem to indicate that the court did approve the verdict and findings,

to some extent at least.   Possibly, taking the entire action of the court, it would indicate that the court had no opinion upon the subject; and yet this can hardly be supposed.   Ordinarily, when a trial court in the decision of any question renders a judgment or makes an order merely *pro forma*, the supreme court in reviewing the same will order the judgment to be rendered or the order to be made which should have been rendered or made in the first instance. (*L. L. & G. Rld. Co. v. Cook*, 18 Kas. 261; *The State v. Bridges*, 29 id. 138, 141, *et seq.*)   It is error for a trial court to overrule a motion for a new trial merely *pro forma*.   Every trial court should exercise its best judgment when such a motion is presented to it, and should rule accordingly.   (See case last cited.)

The judgment of the court below will be reversed, and the cause remanded for a new trial.

All the Justices concurring.