Hooker and another vs. Russell.

---

HOOKER and another, Respondents, vs. RUSSELL, Appellant.

*November 4 — November 23, 1886.*

*Statute of frauds: `Oral promise to answer for debt of another: Consideration.*

After attorneys employed by a village to prosecute violations of the excise laws had rendered some services, the village was enjoined, at the suit of a tax-payer, from paying for attorney's services in such prosecutions theretofore or thereafter had. The president of the village thereupon requested the attorneys to continue the prosecutions and orally promised to pay them himself for their past and future services therein in case they could not collect their claim therefor from the village. They rendered further services, and filed their whole claim with the village board, and afterwards brought suit thereon against the village, which is still pending. In this action against the president of the village, *held* that his promise is void under the statute of frauds (subd. 2, sec. 2307, R. S.). His interest in the enforcement of the laws was not a sufficient consideration to support the promise as a new and independent agreement.

APPEAL from the County Court of *Fond du Lac* County. Action to recover the sum of $657.34, alleged to be due

for professional services rendered and moneys expended by the plaintiffs for and at the request of the defendant in and about the prosecution of the saloon-keepers of the village of Brandon for violations of the excise laws. At the time when such services were rendered the defendant was the president of the village.

The cause was tried before a referee whose findings of fact and conclusions of law were confirmed by the court. From a judgment entered accordingly in favor of the plaintiffs for the full amount of their claim, the defendant appealed. The facts will sufficiently appear from the opinion.

For the appellant there were briefs by *Sutherland & Sutherland*, and oral argument by *Mr. Geo. E. Sutherland*.

For the respondents there was a brief by *Eli Hooker* and *C. E. Hooker*, in person, and oral argument by *Mr. C. E. Hooker*. They contended, *inter alia*, that the promise of the defendant could not be within the statute of frauds unless the village was liable to the plaintiffs. Browne on Stat. of Frauds, sec. 156; *Downey v. Hinchman*, 25 Ind. 455; *Boykin v. Dohlonde*, 37 Ala. 582. The promise of the defendant was based upon a new and independent consideration. He was, as an individual, anxious to have the prosecutions continued and the saloons closed. *Dyer v. Gibson*, 16 Wis. 557; *Young v. French*, 35 id. 111, 116; *Emerick v. Sanders*, 1 id. 77; Roberts on Frauds, sec. 232; *Kutzmeyer v. Ennis*, 27 N. J. Law, 371; *Lemmon v. Box*, 20 Tex. 332; *Cross v. Richardson*, 30 Vt. 647; *Calkins v. Chandler*, 36 Mich. 324; *Jefferson Co. v. Slagle*, 66 Pa. St. 202. The rendering of services after the promise was a sufficient consideration to support the promise as to past services. *Hargroves v. Cooke*, 15 Ga. 325. Any gain to the promisor or loss to the promisee, however slight, is a sufficient consideration. *Train v. Gold*, 5 Pick. 384; *Townsley v. Sumrall*, 2 Pet. 182; *Pillans v. Van Mierop*, 3 Burr. 1663; *Hubbard v. Coolidge*, 1 Met. 92.

When the promise is prospective to pay the debt of another which may accrue in consequence of such promise, this is not affected by the statute. *Perly v. Spring,* 12 Mass. 299. See, also, *Ellwood v. Monk,* 5 Wend. 235; *Leonard v. Vredenburgh,* 8 Johns. 29; *Packard v. Richardson,* 17 Mass. 122; *Mallory v. Gillett,* 21 N. Y. 419, 432; *Clapp v. Webb,* 52 Wis. 642; *Weisel v. Spence,* 59 id. 301; *Hewett v. Currier,* 63 id. 386; *Hoile v. Bailey,* 58 id. 434; *Griswold v. Wright,* 61 id. 195; *Wolke v. Fleming,* 103 Ind. 105; *Fitzgerald v. Morrissey,* 14 Neb. 198; *Castling v. Aubert,* 2 East, 325; *Gregory v. Gleed,* 33 Vt. 405; *Ueberroth v. Riegel,* 71 Pa. St. 280; *Pennell v. Pentz,* 4 E. D. Smith, 639; *Mercein v. Andrus,* 10 Wend. 461; *Clay v. Tyson,* 19 Neb. 530; *Bickford v. Gibbs,* 8 Cush. 156; *Walker v. Penniman,* 8 Gray, 233; *Draper v. Putnam,* 7 Allen, 174; *Alger v. Scoville,* 1 Gray, 391; *Farley v. Cleveland,* 4 Cow. 432.

ORTON, J. In 1883 the village board of the village of Brandon, in Fond du Lac county, determined that no license for the sale of intoxicating liquors in said village should be granted during the ensuing year, and passed an ordinance prohibiting such sale and providing for the punishment of those who should violate the same. Certain persons continued to sell intoxicating liquors in said village notwithstanding, and in violation of, said ordinance, and in July, 1883, said village board, by resolution, employed the said plaintiffs and respondents to act as the attorneys of the village in the prosecution of such offenders. The respondents, as such attorneys of the village, commenced several prosecutions under such employment, and rendered therein legal services, amounting in value to $173.66, up to and including September 7, 1883, when on that day an injunction was served upon said village, at the suit of one David Whitton, a tax-payer of said village, restraining the village board from appropriating or paying out of the treas-

ury any money for the payment of attorney's fees in the prosecution of criminal actions theretofore or thereafter had for the violation of the excise laws of the state, and from appropriating or paying any money for expenses incurred in such prosecutions. Notwithstanding said injunction, the respondents continued to render legal services for said village in such prosecutions up to and including the 26th day of January, 1884, the value of which then was the sum of $657.34, including the above amount of $173.66. The bill for these services was presented to and filed with the village board as a claim against the village, and the respondents brought suit against the village therefor, which suit is still pending.

The seventh finding of fact, which must be received as a verity in the case as neither party has excepted thereto, is as follows: "That on or about the 8th day of September, 1883, and subsequent to the service of such injunctional order upon said village, the defendant, *George A. Russell*, requested the plaintiff to continue said prosecutions notwithstanding said injunction, and promised and agreed to pay them for their past and future services therein *in case of their inability to collect their claim therefor from said village*." It was on this promise that this suit was brought against the appellant, and on which the respondents recovered in the county court. There can be no question but that this special promise of the appellant, not in writing, to answer for the debt of the village of Brandon, is void by the statute of frauds (R. S. sec. 2307, subd. 2). The services of the respondents were rendered for the village, and under a contract with the village. They have presented their claim to, as being against, the village, and have sued the village as being liable therefor. "So long as the original debt remains payable by the debtor to his creditor, any arrangement whatever by which another party promises to pay that debt is within the very letter of the

statute, no matter from what source the consideration of the latter promise is derived." *Emerick v. Sanders*, 1 Wis. 77; *Cotterill v. Stevens*, 10 Wis. 422; *Cook v. Barrett*, 15 Wis. 596.

Against the operation of the statute upon this promise it is claimed (1) that it has been judicially determined, in the injunction suit against the village, that the village is not liable for such services. It is sufficiently answered that neither of these parties was a party to that suit, and therefore not bound by the judgment therein. But, again, it was a suit in equity, and there might have been other reasons for the injunction than that the village was not legally liable on the contract to pay their attorneys for their services in the prosecutions. (2) It is claimed that for the future services of the respondents the credit was given to the appellant. All the services were performed under one contract with the village. It is so alleged in the complaint, and the respondents not only so testify, but they have preferred their claim against the village, and brought suit against the village for it. The village has never been released from any part of it. (3) It is claimed that the appellant originally promised to pay for such future services on a new consideration of benefit or advantage to himself as a citizen and officer of the village, having an interest in enforcing the laws against the sale of intoxicating liquors. His zeal in the cause of temperance, and his interest in enforcing the laws in common with all other citizens, would scarcely be a good or valuable consideration for a promise to pay. But the above finding is sufficient to show that the same promise embraced the payment for the past and future services alike.

We shall not decide in this case whether the village of Brandon is liable to the respondents on its contract, although the county court found, as a conclusion of law, that the village was not liable and had no authority to make the con-

tract. The village is not a party to this suit, and has not denied its liability in this suit. The village is presumptively liable, for it has the capacity to contract. It will be in time to decide the question of the liability of the village on this particular contract when the action of the respondents against the village to enforce it is on trial.

Are the respondents bound by the finding in this case that the village is not liable? It can only be determined whether the respondents are able to collect their claim against the village, when their suit for that purpose, now pending, shall be tried. In any view that can be properly taken of this promise, it is a collateral one and void.

*By the Court.*— The judgment of the county court is reversed, and the cause remanded for a new trial.