[Filed October 31, 1887.]

## S. AND G. GUMP, APPELLANTS, *v.* HALBERSTADT AND LEWIS, RESPONDENTS.

STATUTE OF FRAUDS — PAROL PROMISE UNDER. — A parol promise by L. to appellants that if they would forbear to sue H. for a debt, he, L., would within a reasonable time pay, or cause said debt to be paid to appellants, in consideration whereof, the appellants refrained from suit, *held,* to be void under the Statute of Frauds.

APPEAL from Multnomah County.    Affirmed.

*Alex. Bernstein,* for Appellants.

We contend that the promise, founded upon a new and original consideration, moving directly between the respondent Lewis and appellants, made and created an original agreement between the respondent Lewis and appellants, and under the classifications laid down by Chancellor Kent, is not within the Statute of Frauds, and need not be in writing to be enforced against the promisor. (*Leonard* v. *Vredenbergh,* 8 Johns. 29; *Farley* v. *Cleveland,* 4 Cowan, 432; *Ludwick* v. *Watson,* 3 Or. 256; *Mallory* v. *Gillett,* 21 N. Y. 412; *Spooner* v. *Dunn,* 7 Ind. 81; 63 Am. Dec. 414; *Brown* v. *Tipton,* 1 Atl. Rep. 861.)

*Williams, Ach & Wood,* for Respondent Lewis.

A collateral obligation is a secondary one, and is simply an agreement to answer for the "debt, default, or miscarriage of another." By an original undertaking, the promisor would be substituted for the debtor, and become primarily liable.

This action was brought against Halberstadt, the maker of the note, and Lewis. The prayer in the complaint asked for judgment against both, and the summons was directed to both. This clearly shows that the plaintiffs never intended to release the original debtor, Halberstadt, from his obligation, but looked upon Lewis only as an additional security for the debt; and therefore his promise, not being in writing, cannot be enforced.

In support of our position, we call attention to the elaborate opinion of the court in the case of *Mallory* v. *Gillett,* 21 N. Y. 412, cited by appellants. We also refer to *Nelson* v. *Boynton,* 44 Mass. 396; *Waldo* v. *Simonson,* 18 Mich. 344; *Peabody* v. *Harvey,* 4 Conn. 122.

LORD, C. J.—This was an action to recover money, which was tried by the court without a jury, and judgment entered upon the following findings of fact and conclusions of law: (1) That on October 1, 1884, the defendant Joseph Halberstadt, being indebted to plaintiffs, on that day executed and delivered, to them his certain promissory note in writing, bearing date October 1, 1884, whereby Halberstadt promised to pay, ninety days after date, to the order of plaintiffs, $88.40

(2) That afterwards said defendant paid on said note the sum of $35.86, and at the date of the commencement of this action there remained due and unpaid on said note the sum of $52.56, which is still due and unpaid. (3) That on the ——— day of September, 1885, the plaintiffs, being the owners and holders of said promissory note, were proceeding to collect the same from the defendant Halberstadt, and had already taken proper legal steps to bring an action on said note against Halberstadt, and to levy an attachment on his property, of which doings of the plaintiffs the defendant Lewis then and there had due notice.

Whereupon the defendant L. H. Lewis requested the plaintiffs to forbear to sue said Halberstadt on said demand, and then and there promised to plaintiffs, that if plaintiffs would forbear at that time to sue said Halberstadt, he, said L. H. Lewis, would, within a reasonable time thereafter, pay, or cause said debt of said Halberstadt to be fully paid to plaintiffs. That a reasonable time after said promise of defendant Lewis had elapsed before the commencement of this action; and no part of this demand has been paid, except $35.86, as aforesaid, and said Lewis failed and wholly neglected to pay or cause to be paid any part of the balance of $52.56 due on said note as aforesaid. (1) That the promise of said Lewis to pay or cause to be paid said demand against said Halberstadt, not being in writing, was void, and he is not bound thereby. (2) That said defendant L. H. Lewis is entitled to judgment for his costs and disbursements.

There is but one question presented by this appeal, and that is, whether the verbal promise of the defendant Lewis to pay the debt, or balance due on the note, in consideration that the plaintiffs would forbear to sue and attach the property of the defendant Halberstadt, was void by the Statute of Frauds.

It is provided by the Code that: "In the following cases the agreement is void, unless the same, or some note or memorandum thereof, expressing the consideration, be in writing, and subscribed by the party to be charged, etc. (2) An agreement to answer for the debt, default, or miscarriage of another." (Code, § 775.)

It is admitted that no writing of the defendant's promise was given, or that he received any consideration or benefit for his promise to pay the debt of the defendant Halberstadt. Nor did the plaintiffs intend to release the original debtor, Halberstadt, from his obligation, as the present action indicates, but regarded the defendant Lewis only as an additional security for the debt, the debt itself still remaining in full force and unaffected by the transaction. It was clearly an agreement to pay or answer for the debt of another, without any consideration inuring to the defendant Lewis, who made the promise, and not being in writing, falls within the language of the statute, and is void. It may be that to forbear to sue and attach, or to discontinue a cause, and to relinquish property attached, would constitute an adequate consideration for the promise of the defendant Lewis; but this does not remove the difficulty unless the agreement is in writing. To forbear to sue when requested was a sufficient consideration at common law to support the promise, and it is still a sufficient consideration if *expressed* in writing as required by the statute.

"The mere fact," says Mr. Reed, "that the consideration of the guaranty is a forbearance on part of the promisee to proceed against the party answered for, will not make an exception to the statute." (1 Reed on the Statute of Frauds, § 38, and notes of authorities; Baylies on Sureties and Guarantors, § 12, p. 80, n. 2.) In *Watson* v. *Randall*, 20 Wend. 201, it was held that an agreement to forbear to sue a debtor is a good consideration for the promise of a third person to pay the debt; but to render the promise obligatory it must be in writing. "The cases are all uniform on the point," said Nelson, C. J., "that the promise to pay in consideration of forbearance is within the statute." "To bind one, therefore," said Shaw, C. J., "for the debt or default of another, two things must concur: *First,* a promise on good consideration; and *secondly,* by evidence thereof in writing." (*Nelson* v. *Boynton,* 3 Met. 396.) The general rule is stated to be that while the debt remains a subsisting demand against the original debtor, the promise of a third person is collateral, and must be in writing; but there is an exception to this

rule, to which we may presently advert. Roane, J., said: " The distinction seems to be this : that where the person on whose behalf the promise is made is not discharged, but the person promising agrees to see the debt paid, so that the promisee has a double remedy, the promise is considered as collateral, and must be in writing." (*Waggoner* v. *Gray*, 2 Hen. & M. 612.) An agreement to forbear suit against the original debtor at the request of a third person to answer for the debt is a collateral promise, and is within the statute, and void unless in writing.

In *Robinson* v. *Gilman*, 43 N. H. 491, Bell, J., said: "To except a promise from the statute, it is never sufficient that the promisee has agreed to allow time to the debtor (*Jackson* v. *Rayner*, 12 Johns. 291; *Smith* v. *Ives*, 15 Wend. 182; *Packer* v. *Willson*, 15 Wend. 343; *Watson* v. *Randall*, 20 Wend. 201), or to forbear to bring a suit against him at the time (*Simpson* v. *Patten*, 4 Johns. 422; *King* v. *Wilson*, 2 Strange, 873; *Fish* v. *Hutchinson*, 2 Wils. 94; *Kirkham* v. *Marter*, 2 Barn. & Ald. 613; 1 Saund. 211 *a*), or has discharged suit against him (*Nelson* v. *Boynton*, 3 Met. 396; *Tomlinson* v. *Gell*, 6 Ad. & E. 564), or has released to the debtor any lien (*Mallory* v. *Gillett*, 21 N. Y. 412; *Fay* v. *Bell*, Lalor, 251), or pledge (*Clancy* v. *Pigott*, 2 Ad. & E. 473), or an attachment (20 Wend. 184), or levy." (*Mercum* v. *Mack*, 10 Wend. 461; *Charter* v. *Beckett*, 7 Term. Rep. 201.) Mr. Brown holds that the mere relinquishment of a lien by the creditor does not take the promise out of the statute. (Brown on Statute of Frauds, pp. 195–204; Brandt on Suretyship, § 50; 1 Reed on Statute of Frauds, § 38.) In *Nelson* v. *Boynton*, 3 Met. 396, the creditor sued his debtor and seized his property under an attachment. The defendant promised to pay the debt in consideration of a discontinuance of the action. This was done, and the lien of the attachment lost, but the debt remained against the original debtor. After a careful discrimination of the authorities, Shaw, C. J., declared that the promise was void because not in writing. In *Mallory* v. *Gillett*, 21 N. Y. 412, the plaintiff had performed repairs on a boat which was in his possession, having a lien on it for the value of his work. He refused to part with the possession until

the lien was satisfied, when the defendant promised, if he would deliver the boat to the owner, he would pay the amount due, whereupon the boat was delivered to the owner. It was held that the engagement or promise, being to pay the debt of another, was void, because there was no note or memorandum thereof in writing. (See, also, *Waldo* v. *Simonson*, 18 Mich. 345; *Stewart* v. *Campbell*, 58 Me. 430.)

The findings in the case at hand do not indicate definitely that a suit was actually begun, and a lien created, under the attachment which was relinquished by the plaintiffs by reason of the promise of the defendant Lewis, but rather that legal steps were being taken to begin a suit for that purpose, which the defendant Lewis knew, and by his promise to pay the debt, induced the plaintiffs to forbear to prosecute. The findings ought to have been made more definite, but in this view, the case has no footing to stand upon. The oral argument, however, assumed and seemed to concede that a suit has been actually commenced, and a levy made, under an attachment which the plaintiffs had abandoned by discontinuing their suit at the request of the defendant Lewis, on his promise to pay the debt of the defendant Halberstadt; and on this theory it was claimed that the promise of the defendant Lewis was not founded upon forbearance alone, but the added new and original consideration of harm or prejudice to the plaintiffs, as one of the newly contracting parties, which the relinquishment of the lien by discontinuance of the suit involved.

In *Dunlap* v. *Thorne*, 1 Rich. 213, Butler, J., said: " When one person has a complete and enforcible lien on the property of his debtor, a promise of a third to pay the debt on condition that the property under the lien is given up, will be held binding, and not within the Statute of Frauds. This, upon the ground that the release of the lien is the surrender of a security operating in the nature of a payment, and therefore, if not a benefit to the promisor, is a prejudice to the creditor to the extent of his loss." (See, also, *Shook* v. *Vanmater*, 22 Wis. 507.) But this view does not seem to be well sustained on principle or authority, and is subjected to a crushing criticism by Mr.

Brandt, in which he suggests precisely what is the fact in the case at hand, that the surrender of the lien does not usually extinguish the original debt, and that when it does have that effect, the promise is not within the statute. He says: "The surrender of the lien being a detriment to the creditor, is undoubtedly a sufficient consideration for the promise; but why it should take the promise out of the statute any more than any consideration which is a detriment to the creditor, or in fact any other sufficient consideration, it is difficult to perceive." (Brandt on Suretyship, § 50.) In *Curtis* v. *Brown*, 5 Cush. 488, Shaw, C. J., said: "It is not a sufficient ground to prevent the operation of the Statute of Frauds, that the promisee has relinquished an advantage, or given up a lien, in consequence of the promise, if that advantage has not also directly inured to the benefit of the promisor. The cases in which it has been held otherwise are those where the promisee has relinquished some lien, benefit, or advantage for securing or recovering his debt, and where by such relinquishment the same interest or advantage has inured to the benefit of the promisor. In such case, although the result is that the payment of the debt of a third person is effected, it is so incidentally and indirectly, and the substance of the contract is the purchase by the promisor of the promisee of the lien, right, or benefit in question." (*Wills* v. *Brown*, 118 Mass. 138; *Furbish* v. *Goodnough*, 98 Mass. 296.) In *Fullam* v. *Adams*, 37 Vt. 401, Poland, C. J., said: "We believe it will be found that in all the cases now regarded as sound, where it has been held that a parol promise to pay the debt of another is binding, the promisor held in hands funds, securities, or property of the debtor devoted to the payment of the debt, and his promise to pay attaches upon his obligation or duty growing out of the receipt of such fund."        •

While it is true that some of the authorities cited indicate that the promise must be an original undertaking or a valid consideration, moving from the creditor to the promisor, to take the case out of the statute (*Wills* v. *Brown*, *Furbish* v. *Goodnough*, *Robinson* v. *Gilman*, *supra*), others indicate that it makes no difference in regard to the party, debtor or creditor,

from whom the consideration moves, to have that effect (*Fullam* v. *Adams, Mallory* v. *Gillett, supra*), a distinction which makes no difference, so far as affects this case, as there is no pretense that the relinquishment of the lien inured to the benefit of the defendant Lewis, or that he held any funds or securities or other property of the defendant Halberstadt to be devoted to the payment of the debt.

As the case stated is not within the exceptions of the statute which makes such parol promise binding, there was no error, and the judgment must be affirmed.