THE STATE OF KANSAS V. CHARLES SUMMERS.

NEW TRIAL — *Overruling Motion, Pro Forma.* It is error for a trial court to overrule a motion for a new trial merely *pro forma*, even if the case is submitted to the court for trial without a jury, by the agreement of the parties.

*Error from Ellis District Court.*

THE opinion states the case.

*L. B. Kellogg*, attorney general, and *Chas. Howard*, county attorney, for The State; *Wm. L. Aaron*, of counsel.

The opinion of the court was delivered by

HORTON, C. J.: This case was tried before the district judge, a jury having been waived by the parties. No special findings of fact were made or filed. A general finding was returned by the court in favor of Charles Summers. Thereupon the state filed its motion for a new trial, upon the following grounds:

"1. Irregularities in the proceedings of the court, by which the plaintiff was prevented from having a fair trial.

"2. The decision of the court is not sustained by sufficient evidence.

"3. The decision of the court is contrary to law.

"4. Error of law occurring at the trial, and excepted to at the time by the plaintiff."

The trial judge overruled the motion for a new trial *pro forma*. This was erroneous, and sufficiently prejudicial to reverse the judgment. The necessity for filing and presenting a motion for a new trial is fully stated in *Nesbit v. Hines*, 17 Kas. 316, as follows:

"Counsel for plaintiff in error would ignore the motion filed in the district court, and ask us to grant a new trial because of the errors on the trial. Can this be done? If it can, the motion for a new trial is a useless ceremony, and might as well be abandoned altogether. A party has no abstract, inherent right to a new trial. He has a right because and so far only

as the statute gives it to him.   It prescribes the way to obtain it, and that is by motion filed within three days.   If he fails to pursue this mode, he loses the benefit of any errors on the trial, and is concluded as to all matters occurring at the trial."

See also *City of Atchison v. Byrnes*, 22 Kas. 65; *Clark v. Imbrie*, 25 id. 424.

In *The State v. Bridges*, 29 Kas. 138, it is said:

"The district judge did not approve of the verdict of the jury, as is usually done by trial courts in similar cases when such a motion is overruled, but expressly announced that he overruled the motion *pro forma*, and declined to look into the evidence or pass upon its sufficiency.   This was serious and grievous error.   It was a refusal on the part of the trial court to perform its bounden duty, alike unjust to this court and the appellant.   When a verdict is challenged upon the ground alleged in this case, the judge, who has the same opportunity to hear and see the witnesses as the jury, should declare his approval or disapproval of the verdict; and if he refuses to do this by overruling the motion *pro forma*, and thereby attempting to transfer the whole question to the supreme court, he trifles with the sacredness of his duty."

In *M. A. & B. Rly. Co. v. Keeler*, 32 Kas. 163, it is stated:

" It is error for a trial court to overrule a motion for a new trial merely *pro forma*.   Every trial court should exercise its best judgment when such a motion is presented to it, and should rule accordingly."

(See also *Insurance Co. v. Neff*, 43 Kas. 457.)

The state had the same right to have its motion for a new trial fully considered as it had to contest the petition of Summers.   If the court could not consider all of the grounds in the motion for a new trial and pass upon the merits of the motion, it ought to have granted the same.   It is better to allow a new trial where the court cannot consider the motion for a new trial on its merits, than to refuse it.

There is something stated in the journal to the effect that the trial judge considered the motion for a new trial, but as the further statement is made that the court overruled the motion *pro forma*, we cannot assume the court properly consid-

ered the various grounds alleged therein; otherwise, it would not have been stated that the motion was overruled *pro forma.*

The judgment will be reversed, and a new trial granted.

All the Justices concurring.