PINSON & SUNDAY v. S. R. PRENTISE.

(Filed Feb. 11, 1899.)

1. JUSTICE COURTS — *Appeal — Pleading — Amendment.* Where a case is appealed from a justice court, the right to amend the pleadings before the trial is commenced rests largely within the sound discretion of the district court, which will not be disturbed by this court unless such discretion has been abused.

2. EVIDENCE—*Findings not Disturbed, When.* A finding of the trial court upon a controverted question of fact will not be disturbed by this court unless such finding of the court is clearly against the weight of the evidence.

3. STATUTE OF FRAUDS. In this case the evidence is conclusive that the transaction between the plaintiffs and the defendant was

merely a parole promise or agreement to answer or pay the debt of another, and hence it clearly comes within the very letter of section 821 of the statute of frauds of this Territory, and cannot be enforced.

4. HARMLESS ERROR. Where it clearly appears from the record that the trial court rendered a proper judgment in the case, the overruling of the motion for a new trial *pro forma* is not prejudicial error affecting the substantial rights of the parties excepting thereto.

.5. EVIDENCE—*Sufficient to Sustain Findings.* Where a case is tried by the court without a jury, and the court overrules a motion for a new trial *pro forma,* refusing to hear it on its merits, the findings of fact and the judgment of the court thereon will not be disturbed by this court if the evidence is sufficient to sustain such findings and judgment of the court.

(Syllabus by the Court.)

*Error from the District Court of Kay County; before A. G. C. Bierer, District Judge.*

*Ed. L. Peckham,* for plaintiff in error.

*T. J. Blevins,* and *Dale & Bierer,* for defendant in error.

Action by Pinson and Sunday, against S. R. Prentise. A judgment for plaintiffs before a justice was reversed, and plaintiffs bring error. Affirmed.

Opinion of the court by

HAINER, J.: This was an action brought by the plaintiffs in error against the defendant in error, in a justice court in Kay county, to recover $9.50 for work and labor performed for one C. M. Houghland. To the plaintiff's bill of particulars, the defendant filed an answer containing a general denial. The cause was tried without a jury, and judgment was rendered in favor of the plaintiff for $9.50. ,The defendant appealed from this judgment to the district court, where the cause was tried

*de novo* by the court, both parties waiving a trial by jury. The district court held that the claim upon which the plaintiffs based their action was an oral contract, and was within the provisions of the statute of frauds, and therefore void. Judgment was rendered in favor of the defendant for the costs of the action. The plaintiffs bring the cause here on appeal.

The first error assigned is that the district court erred in not rendering judgment in favor of the plaintiffs, and against the defendant, on the pleadings. This contention is not tenable. The plaintiff's action was based upon a verified acount. It is true that the defendant's answer, which contained a general denial, was not verified in the justice court, but, before the case came on for trial in the district court, the defendant asked and obtained leave from the district court to file an amended answer, which was duly verified. Section 4766, Statutes of Oklahoma, 1893, provides: "That the case shall be tried *de novo* in the district court, upon the original papers on which the case was tried before the justice, unless the appellate court, in furtherance of justice, allow amended pleadings to be made, or new pleadings to be filed." Where a case is appealed from a justice court, the right to amend the pleadings before the trial is commenced rests largely within the sound discretion of the district court, which will not be disturbed by this court unless such discretion has been abused. In this case, it was certainly in the furtherance of justice to permit the defendant to amend his answer.

The second assignment of error is that the judgment of the district court is not sustained by the evidence. Upon the trial of this cause, the district court, after

hearing all the evidence, made the following finding: "That the contract claimed by the plaintiffs in this action was an oral contract, and falls within the statute of frauds, and is void;" and upon this finding, the court entered judgment in favor of the defendant for the costs of the action.

We have repeatedly held that a finding of the trial court upon a controverted question of fact will not be disturbed by this court unless such finding of the court is clearly against the weight of the evidence. (*Penny v. Fellner*, 6 Okla. 386, 50 Pac. 123; *United States National Bank v. National Bank of Guthrie*, 6 Okla. 163, 51 Pac. 119; *Gillette v. Murphy*, 7 Okla. 91, 54 Pac. 413; *Mulhall v. Mulhall*, 3 Okla. 252, 41 Pac. 577.)

In this case the evidence is conculsive that the transaction between the plaintiffs and the defendant was merely a parole promise or agreement to answer or pay the debt of another, and hence it clearly comes within the very letter of section 821 of the statute of frauds of this Territory, and cannot be enforced. (*Gump v. Halberstadt*, [Or.] 15 Pac. 467; *Nelson v. Boynton*, 3 Metc. [Mass.] 396; *Mallory v. Gillett*, 21 N. Y. 412; *Waldo v. Simonson*, 18 Mich. 345: *Stewart v. Campbell*, 58 Me. 439; *Hooker v. Russell*, 67 Wis. 260, 30 N. W. 358; *Cook v. Barrett*, 15 Wis. 596.)

It is next contended by the plaintiffs in error that the court erred in overruling the motion for a new trial "*pro forma*," and that this was "grievous error," for which this case should be reversed, and remanded for new trial. In support of this contention, counsel has cited the following authorities: *Larabee v. Hall*, 50 Kan. 311, 31 Pac. 1062; *State v. Summers*, 44 Kan. 637, 24 Pac.

1099; *Railroad Co. v. Keeler*, 32 Kan. 163, 4 Pac. 143; *State v. Bridges*, 29 Kan. 138; *Clark v. Imbrie*, 25 Kan. 425; *City of Atchison v. Byrnes*, 22 Kan. 65; *Nesbit v. Hines*, 17 Kan. 316. We have examined with some degree of care these decisions of the supreme court of Kansas cited in support of the doctrine, and after reviewing these cases, we find that only one of the authorities cited has any application to the case at bar, and that is the case of *State v. Summers*, 44 Kan. 637, 24 Pac. 1099 where it was decided that "it is error for the trial court to overrule a motion for a new trial merely *pro forma* even if the case is submitted to the court for trial without a jury, by agreement of the parties," In support of this case, Chief Justice Horton, who rendered the opinion, cited the following authorities: *Nesbit v. Hines*, 17 Kan. 316; *City of Atchison v. Byrnes*, 22 Kan. 65; *Clark v. Imbrie*, 25 Kan. 425; *State v. Bridges*, 29 Kan. 138; *Railroad Co. v. Keeler*, 32 Kan. 163, 4 Pac. 143. In *Larabie v. Hall*, 50 Kan. 311, 31 Pac. 1062, the court held that it was grievous error for the trial court to overrule a motion for a new trial *pro forma*. This opinion was based upon the decision in the case of *State v. Summers*, and authorities there cited.

The case of *Nesbit v. Hines*, 17 Kan. 316, has been uniformly cited in support of this rule of practice. But this case is not in point. In this case, the court held that, where a motion for a new trial is not filed within the statutory time, the district court does not err in overruling it. And any matter for which a new trial may be granted is waived by the neglect of the party to move for a new trial. The case of *City of Atchison v. Byrnes*, 22 Kan. 65, follows the rule laid down in the case of *Nes-*

*bit v. Hines.* In the case of *Clark v. Imbrie,* 25 Kan. 425, the court held that as no "errors of law occurring at the trial" were stated in the motion for a new trial, they were deemed waived, and such errors could not be considered by the supreme court. The rule in *Nesbit v. Hines* and *City of Atchison v. Byrnes* was followed. In none of these cases did the question arise that it was error to overrule the motion for a new trial *pro forma.* In the case of *State v. Bridges,* 29 Kan. 138, was the first time the court passed upon the question that the overruling of a motion for a new trial *pro forma* was reversible error. In this case, the defendant was charged with murder, and the evidence was very conflicting. A motion for a new trial was filed on the ground that the verdict was not sustained by sufficient evidence. Chief Justice Horton, speaking for the court, said: "The district judge did not approve of the verdict of the jury, as usually done by trial courts in similar cases when such a motion is overruled, but expressly announced that he overruled the motion *pro forma,* and declined to look into the evidence or pass upon its sufficiency. This was serious and grievous error. It was refusal on part of the trial court to perform its bounden duty, alike unjust to this court and the appellant." In this case we think that the court was right in holding that it was error for the trial court to decline to review the evidence, and to overrule the motion for a new trial without giving it any consideration whatever. The defendant was charged with a grave crime. The evidence was greatly conflicting, and there was serious question whether or not the jury was warranted in finding the defendant guilty of the crime charged. This case seems to be the basis of the rule

adopted by the supreme court of Kansas, and has been followed in subsequent rulings where this question has arisen.

But we are of the opinion that, where a case involves questions of fact to be determined by the jury, a different rule of practice should be adopted than in cases tried by the court, which involves purely questions of law, or both questions of law and fact. In the case of *Railroad Co. v. Keeler*, 32 Kan. 163, 4 Pac. 143, it was held that it was error for the trial court to overrule the motion for a new trial merely *pro forma*. This was a case involving a question of damages. The trial was by jury. Special findings of fact were returned by the jury, which were very conflicting.   Justice Valentine, in delivering the opinion, said:

"The jury failed to respond intelligenty to some of the questions put to them, and the court, by overruling the palintiff's motion merely *pro forma* did not indicate whether it approved the verdict and findings of the jury or not.   *   *   Possibly, taking the entire action of the court, it would indicate that the court had no opinion on the subject, and yet this can hardly be supposed.   Ordinarily the trial court, in the decision of any question, renders a judgment or   makes an order merely *pro forma*. The supreme court, in reviewing the same, will order the judgment to be rendered, or the order to be made, which should have been rendered or made in the first instance."

The rule is well settled in this Territory, as well as in other   jurisdictions,   that, where the legislature has adopted the statute of another state, that statute comes with the consruction placed upon it by the highest court of the state from whence it is adopted. But this rule has no application to the case at bar.   There is nothing in the Kansas statute that provides in  what manner or form

a motion for a new trial shall be considered by the court. The statute simply prescribes the time for the filing a motion for a new trial, and the grounds upon which said motion shall be based. Hence, the rule which the supreme court of Kansas has adopted is merely a rule of practice, and not a question of statutory construction. It being merely a rule of practice, this court it not bound by it, and is at liberty to disregard it, unless there is some cogent reason for its adoption in this Territory. The absurdity of such a rule is clearly apparent by applying it to the case at bar. This case was tried by the court. The evidence was very brief; in fact, the plaintiffs could not recover on their own testimony. The law of the case is well settled, and as a necessary consequence, it did not take the court long to reach a conclusion, and a proper conclusion, in the case. It would be absurd for the court to be compelled to listen to an argument, review the testimony, and give his reasons upon the law governing the case, and then pass upon the motion for a new trial. It is not necessary for a *nisi prius* court to announce its reasons for sustaining or overruling a motion for a new trial, and the manner of overruling such motions, as to whether it was done with the greatest or least formality, is wholly immaterial. We have searched in vain for authorities upon this question in other states in the Union, with the exception of Kansas, which seems to be the only state which has adopted this rule. The only question that should be considered by this court is, did the trial court render a proper judgment in the case? And, if the court rendered a proper judgment, what sound reason can be given that the overruling of a motion for a new trial, even *pro forma*, is prejudicial to

the substantial rights of the plaintiffs? We cannot as-
sent to establish a rule of practice in this Territory
which would require this court to reverse a case upon
such a frivolous ground, regardless of the merits of the
case, and the justness of the decision of the trial court.
The judgment of the district court was right, and is
therefore affirmed.

All of the Justices concurring.