F. P. STARRETT v. W. H. SHAFFER, *as Sheriff*, AND J. A. WIERMAN.

#### No. 312.

PRACTICE, DISTRICT COURT—*Hearing of Motion for New Trial— Duty of Court.* "It is error for a trial court to overrule a motion for a new trial merely *pro forma*. Every trial court should exercise its best judgment when such a motion is presented to it, and should rule accordingly." (*M. A. & B. Rld. Co. v. Keeler*, 32 Kan. 163, 4 Pac. 143.)

Error from Ness district court; J. E. ANDREWS, judge.   Opinion filed May 16, 1899.   Reversed.

*G. R. McKee*, for plaintiff in error.

*N. H. Stidger*, for defendants in error.

The opinion of the court was delivered by

SCHOONOVER, J. : This is an action commenced in the district court of Ness county for an injunction. The case was tried on the 17th day of February, 1898, and taken under advisement until the regular May term.   On the 17th day of May the court rendered judgment for defendants.   The plaintiff failed to file a motion for a new trial, but asked and obtained sixty days in which to prepare a case for this court.   On the 27th day of June, 1898, the following proceedings were had :

"And now, on this 27th day of June, 1898, the same

being an adjourned day of the regular May term, 1898, of said court, coming on to be heard the above-entitled cause of action, and it appearing to the court that judgment had been rendered herein on the 17th day of May, 1898, and it appearing further to the court that the plaintiff had failed to file a motion for a new trial within three days of the time of the rendition of said judgment and before the said court adjourned, and the attorney for the defendant having failed to except to the ruling of the court at that time, and the court having given him sixty days in which to prepare his case for the court of appeals, and the defendants thirty days in which to suggest amendments thereto; and the court, further considering the matter, finds that on account of the number of days given the plaintiff in which to prepare his case for the court of appeals, and believing himself to have prejudiced the rights of the plaintiff, does on this day, upon his own motion, set aside said judgment and render judgment herein as of to-day. . . . Whereupon, on this 27th day of June, 1898, said plaintiff filed his motion for a new trial, which was, without argument and without hearing from counsel, overruled by the court, to which ruling of the court plaintiff at the time duly excepted, and was allowed one day in which to prepare his case-made for the court of appeals, and amendments to be suggested forthwith by defendants, the parties waiving notice of settling case."

It is evident that the trial court exercised its discretion for the sole purpose of assisting plaintiff in error to a review of his case on its merits in this court. Whatever we may think of the practice pursued by plaintiff in error, he now insists that this court reverse the judgment of the district court for the reason that the motion for a new trial was overruled without argument or consideration.

The facts disclosed by the record are that the judgment complained of was rendered on the 27th day of June, 1898, and on the same day plaintiff filed his

motion for a new trial, which was by the court overruled *pro forma.*  Our supreme court has said, in the case of *M. A. & B. Rld. Co. v. Keeler,* 32 Kan. 163, that "it is error for a trial court to overrule a motion for a new trial merely *pro forma.*  Every trial court should exercise its best judgment when such a motion is presented to it, and should rule accordingly."  In the case of *The State v. Summers,* 44 Kan. 637, 24 Pac. 1099, it was held that "it is error for a trial court to overrule a motion for a new trial merely *pro forma,* even if the case is submitted to the court for trial without a jury, by the agreement of the parties." (*The State v. Bridges,* 29 Kan. 138; *L. L. & G. Rld. Co. v. Cook,* 18 id. 261; *The State v. Summers,* 44 id. 637; *K. C. W. & N. W. Rld. Co. v. Ryan,* 49 id. 12, 30 Pac. 108; *Larabee v. Hall,* 50 id. 311, 31 Pac. 1062; *Smith v. Benton,* 54 id. 708, 39 Pac. 701.)

The judgment of the district court will be reversed and a new trial granted.