ADAM GILLES v. J. H. MAHONY and Another.

April 27, 1900.

Nos. 12,078—(200).

## Statute of Frauds—Oral Agreement of Wife to Pay Husband's Note.

An agreement to forbear suit against the original debtor at the request of a third person to answer for the debt is a collateral promise, and is within the statute of frauds, and void, unless in writing.

Action in the district court for Hennepin county to recover $1,200 and interest on a promissory note executed by defendant J. H. Mahony, which, as the complaint alleged, defendant Sarah Mahony had agreed to pay. The case came on for trial of the issues raised by the separate answer of Sarah Mahony before Harrison, J., who directed a dismissal of the action. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*Penney & McMillan,* for appellant.

*Woods, Kingman & Wallace,* for respondent.

LEWIS, J.

Plaintiff brings this action against J. H. Mahony to recover the amount due upon a certain promissory note maturing April 4, 1896, and joins his wife, Sarah Mahony, as defendant, seeking to hold her upon an alleged contract on her part to pay the note. The complaint states that on or about May 4, 1895, the wife, in consideration of plaintiff's promise not to enforce the collection from said defendant J. H. Mahony of the interest then due on the note, promised to pay the note and interest at or before the maturity of the same, and that plaintiff did so promise, and did so refrain from enforcing collection against J. H. Mahony. Again, the complaint alleges that on March 10, 1896, the wife made the same promise, in writing, in consideration of the same promise to refrain from proceeding against the husband.

At the trial plaintiff offered no evidence of any agreement in writing on the part of the wife, but undertook to prove the agreement or promise by the oral testimony of the plaintiff as to what she had said on the subject. This testimony was objected to, upon

the ground that it was within the statute of frauds, being a collateral promise to pay the debt of another. The objection was sustained, whereupon her counsel asked leave to amend the complaint by alleging that, prior to such alleged promise to pay the note, she had entered into a business transaction with her husband, whereby and for a consideration she assumed and agreed to pay the note. This request to amend was denied, and the ruling is not assigned as error. Thereupon plaintiff made an offer to prove an oral agreement on the part of the wife to pay the note and interest, as follows:

"If you don't ask my husband for this interest at any time, or bother him in any way about it, or the note, or sue him or make him any trouble in any way about it, I will pay this note when it comes due, and I will pay the interest on it." That plaintiff, in reply to her offer, stated, "Very well, I will take you, then, in your husband's place. I will look to you for the payment of this note and the interest when it becomes due."

Further offers were made to prove that plaintiff carried out his agreement, and did not seek to enforce collection against the husband; that the wife had received certain property from the husband just prior to the alleged agreement; and that since the maturity of the note the husband had not been within the jurisdiction of the court, and had no property therein. The offer was objected to and sustained, and the rulings of the court are assigned as error.

As the complaint stood, there was nothing to show that the wife had any interest in the payment of the note; that she would be benefited thereby; that she had assumed the debt; or that plaintiff agreed to discharge the husband. The agreement alleged is a collateral promise on her part to assume the debt, and is within the statute of frauds. Gump v. Halberstadt, 15 Ore. 356, 15 Pac. 467; Ames v. Foster, 106 Mass. 400; Gill v. Herrick, 111 Mass. 501; Ruppe v. Peterson, 67 Mich. 437, 35 N. W. 82; Hooker v. Russell, 67 Wis. 257, 30 N. W. 358; Ackley v. Parmenter, 98 N. Y. 425; Mitchell v. Miller, 25 Misc. (N. Y.) 179, 54 N. Y. Supp. 180.

Order affirmed.