(23 Misc. Rep. 105.)

PERRY v. ERB.

(Supreme Court, Appellate Term. March 28, 1898.)

STATUTE OF FRAUDS—PROMISE TO PAY DEBT OF ANOTHER.

In order to take an oral promise to pay the debt of another out of the operation of the statute of frauds, as being an original undertaking, it is not sufficient to show that there was a consideration for the promise, but there must be a consideration moving to the promisor, either from the creditor or debtor.

Appeal from city court of New York, general term.

Action by Charles O. Perry against Newman Erb. From a judgment (48 N. Y. Supp. 447) affirming a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before BEEKMAN. P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Austin E. Pressinger, for appellant.
Howard S. Gans, for respondent.

BEEKMAN, P. J. If the judgment appealed from rested only on the grounds assigned by the court below, we should perhaps hesitate to affirm it here; but the validity of the contract in suit is attacked on the ground that it was an agreement to pay the debt of another, and that it was void under the statute of frauds, because not in writing, subscribed by the respondent. This objection, if well taken, is a fundamental one, and renders any recovery in the action impossible. The point was raised by the defendant in his answer, among other defenses; was made during the course of the trial; and was one of the grounds on which he moved to dismiss the complaint. It is therefore properly presented here for our consideration.

It is not pretended that the agreement in question fulfilled the requirements of the statute. There was no memorandum of the alleged promise subscribed by the respondent, so that the appellant is forced into the position of claiming that the promise is not within the statute, because it was an original undertaking, founded upon a new and independent consideration, and was not therefore an engagement to pay the debt of another, within the meaning of the statute, as it has been construed by the courts. There is a wealth of learning on the subject, the tendency of which in this state certainly has been towards upholding the statute, and avoiding refinements of construction tending to narrow its operation. Mallory v. Gillett, 21 N. Y. 412; Brown v. Weber, 38 N. Y. 187; Smart v. Smart, 97 N. Y. 559; Acklev v. Parmenter, 98 N. Y. 425; White v. Rintoul, 108 N. Y. 222, 15 N. E. 318.

It is not claimed in the case at bar, nor could it well be, that there was any benefit received by the respondent by reason of the alleged promise, but it is urged that there was harm to the promisee, the appellant, and that this is sufficient to make the promise an original undertaking, and therefore not one affected by the statute. While it is true that in the case of Leonard v. Vredenburg, 8 Johns. 29, a definition was given which assumed as the test of an original promise

that it was founded on a new or further consideration of benefit or harm moving between the promisor and the promisee, the definition thus given has not been followed, but in all subsequent decisions has been referred to as inaccurate, and in the case of White v. Rintoul, supra, was pronounced by the court to be "dangerously broad, and capable of a grave misapprehension, making it almost possible to say that a promise good at common law between new parties was good also in spite of the statute." The well-established rule now is that it is essential, in order to make the promise an original undertaking, that the new consideration, should move to the promisor, and be beneficial to him.

In the case of Ackley v. Parmenter, supra, Judge Rapallo, in giving the opinion of the court, says (page 433):

"In such a case it is not sufficient to show that there was a consideration for the promise. There must be a consideration in every case, even if the promise is in writing. But a consideration is not of itself sufficient to supply the place of a writing where one is necessary. To take the case out of the statute, there must be a consideration moving to the promisor, either from the creditor or the debtor. It must be beneficial to the promisor. That is the feature which imparts to the promise the character of an original undertaking. Mallory v. Gillett, 21 N. Y. 412. Forbearance or indulgence to the debtor, or the surrender to him by the creditor of a security for the debt, even at the request of the promisor, will not support a verbal promise by a third party to pay the debt."

This case is referred to with approval in the case of White v. Rintoul, supra, in which the whole subject is most ably discussed and reviewed by Judge Finch, giving the opinion of the entire court.

The facts of the case at bar, in so far as they bear on the question under discussion, are tersely stated by the plaintiff in his complaint. He alleges a contract between the appellant and one Theresa Erb, for making certain alterations and additions to certain premises in the city of New York; that the appellant entered upon the performance of the contract, and completed it; but that, differences having arisen between the said Theresa Erb and the appellant as to the value of certain extra work that was done upon the property and the balance which was due to the appellant on the contract, a settlement of such differences was had and agreed upon between her and him, whereby the latter agreed to accept in full settlement of all claims against her a certain sum of money. It is stated that it was a part of the consideration of this settlement that the respondent should pay to the appellant the said sum, and also a certain claim made against the appellant by a subcontractor. It is with respect to this claim that this action was brought. There is no evidence in the case whatsoever showing that there was any benefit or advantage moving to the respondent by virtue of this promise, or that before the promise any duty whatsoever rested upon him to pay the claim. None of the elements which, under the decisions, must exist in order to make the promise in question an original undertaking, are discoverable; and we are accordingly constrained to hold that the promise was one coming directly within the statute, and therefore void because of a failure to comply with the statute.

Counsel for the appellant refers to the case of Merserau Co. v. Washburn, 6 App. Div. 404, 39 N. Y. Supp. 664. We have examined this

case, but find nothing in the law there laid down which conflicts with the cases which we have cited, or which assumes to lay down any different principles from those which are enunciated in such cases. The court there held, upon the facts of that case, that there was a distinct pecuniary advantage to the promisor on which his undertaking was founded, which made the promise an original one. The case was therefore in harmony with the previous declarations of the court on the subject.

In view of the conclusion to which we have come, it is unnecessary to consider the other exceptions in the case, as none of them bear upon the matter which we have discussed, and a new trial could not result otherwise than in a dismissal of the complaint on the ground of the invalidity of the contract itself.

Judgment affirmed, with costs.　All concur.