(25 Misc. Rep. 179.)

### MITCHELL et al. v. MILLER et al.

(Supreme Court, Appellate Term. November 10, 1898.)

1. LIABILITY OF WIFE—GOODS SOLD—HUSBAND.

Where goods were billed and receipted for in the husband's name, and the wife had nothing to do with ordering them, and there was no evidence that the sellers believed they were giving credit to her, she is not liable for the price because afterwards, when an attachment was about to be made against the husband, she agreed that she and her husband would pay for the goods if the attachment was forborne, since that only tends to prove a promise to pay the debt of another.

2. PLEADING—AMENDMENT TO CONFORM TO PROOF.

Pleadings cannot be amended after trial to conform to proofs, where objection was made during trial, and no amendment was asked or ordered, and this, even though the adverse party was not thereby misled.

3. FRAUDS, STATUTE OF—PROMISES TO PAY DEBT OF ANOTHER—CONSIDERATION.

Forbearance of a levy of attachment against a husband is not, in the absence of proof to the contrary, a sufficient consideration moving to the wife to take her parol promise to pay his debt out of the statute of frauds.

4. SAME—PLEADING—WHEN NECESSARY.

It is not requisite to set up a defense of the statute of frauds by answer against a promise to pay the debt of another, where the action was for goods sold and delivered, since the former claim could not have been anticipated in such action.

Appeal from municipal court, borough of Manhattan, First district.

Action by Isidor Mitchell and others against Henrietta Miller and another. There was a judgment for plaintiffs, and defendant Henrietta Miller appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

J. Hershfield, for appellant.
H. C. Alleman, for respondents.

GILDERSLEEVE, J. The pleadings are in writing. The complaint sets forth a cause of action for goods sold and delivered by the plaintiffs to defendants between January 2, 1895, and January 29, 1897, at the agreed price of $333.58, upon which the sum of $61.15 has been paid, leaving a balance due of $272.45 (which is a slight arithmetical error); and the complaint also demands interest by average from January 1, 1897. The answer of Jacob Miller admits that goods were sold and delivered to him by plaintiffs, but alleges

that the goods were inferior to the quality agreed upon, and that plaintiffs agreed to make reductions, and that the $61.15 already paid was the full value of the goods. The answer of the other defendant, Henrietta Miller, is a general denial. There are some discrepancies between the allegations of the complaint and the proofs offered in support of the plaintiffs' claim. The plaintiffs offer in evidence receipts for goods sold and billed to "J. Miller," the aggregate amount of which plaintiffs swear was of the fair value of $272.45. These goods appear to have been sold and delivered between the 9th of June, 1897, and the 29th of January, 1898; whereas, the complaint refers to goods sold and delivered between January 2, 1895, and January 29, 1897. Also plaintiffs swear that none of these goods have been paid for, and that the $61.15 which they received from said defendant J. Miller were for other goods. However, the justice allowed them to amend so as to put in these proofs of the sales which had taken place subsequent to the times mentioned in the complaint. Besides which the defendant Jacob Miller admits that he ordered the goods, and he does not appeal from the judgment against him. The appeal herein is taken by his wife, the defendant Henrietta Miller, who claims that she was not a partner of her husband at the time the goods were ordered; that she never ordered them herself; that she never agreed to pay for them; and that she is in no way responsible for them.

The testimony fails to disclose any ground upon which a liability on the part of this defendant to the plaintiffs for the goods in question can be predicated. The sales, as they appear by the receipts and bills, were made to J. Miller, the husband, and there is nothing whatever in the evidence to contradict the positive assertion of both the defendants that the wife was not the partner of her husband, nor is there any testimony tending to show that plaintiffs believed they were giving credit to the wife, or even intended or wished to do so. The evidence entirely fails to show that the wife had anything to do with the ordering of these goods.

The plaintiffs introduced testimony to show that when, in February, 1898, the plaintiffs and the marshals went to the defendants' place to levy an attachment, the wife cried, and begged them not to enforce the attachment, and said that "we [referring to herself and husband] are honest people, and we will pay so much a week." This is denied by the defendants. Other witnesses of the plaintiffs, who were present at the time, say that she said she would pay, if her husband did not, which is also denied by the defendants. The plaintiffs swear that she agreed to pay the debt by installments, and paid down $50 on account, in consideration of which the plaintiffs refrained from levying the attachment. She admits that she paid them $50, but swears that it was her husband's money, and that she paid it for him. The writ of attachment was against her husband, Jacob Miller, alone, and the marshal thinks he gave a receipt for the $50 in the name of said Jacob Miller.

The only claim that the plaintiffs can base upon this testimony is that the wife, by this alleged promise, made herself liable to pay the debt of her husband. This ground, however, is untenable for

two reasons, viz.: First, the complaint sets forth solely a cause of action for goods sold and delivered, and no motion has been made to make the pleadings conform to the proofs, nor has the complaint been amended in any respect, other than as above set forth, with regard to the matter of the dates of the sales; secondly, such a promise would be void under the statute of frauds.

Where a plaintiff fails to prove the cause of action set up in his complaint, and the objection is raised upon the trial, and no amendment of the pleadings is asked for or ordered, a judgment in plaintiff's favor, upon a cause of action entirely separate and distinct from that alleged, cannot be sustained on appeal, nor, in such a case, can the pleadings be made to conform to the proofs after the trial; and it is no answer to the objection that defendant was probably not misled. See Southwick v. Bank, 84 N. Y. 421. Under pleadings based upon a cause of action for goods sold and delivered, plaintiffs cannot recover a judgment on a promise to pay the debt of another.

But, even aside from this objection, there remains another obstacle to the plaintiffs' recovery. This alleged promise was oral, and in order to take an oral promise to pay the debt of another out of the operation of the statute of frauds, as being an original undertaking, it is not sufficient to show that there was a consideration for the promise, but there must be a consideration moving to the promisor either from the creditor or debtor. See Perry v. Erb (Sup.) 50 N. Y. Supp. 714 (Beekman, P. J.) The consideration for the alleged promise in question was the withdrawal of the attachment, but there is nothing whatever in the testimony to show any consideration moving to Henrietta Miller either from the plaintiffs or from the other defendant. The court cannot infer, from the mere fact of the relationship between the promisor and the debtor, a consideration beneficial to the former, in the absence of any sort of proof of such consideration. It should appear that the forbearance of the plaintiffs to enforce the attachment was not merely a benefit to Jacob Miller, the debtor, but that Henrietta Miller, the promisor, was so situated relatively to him that the plaintiffs' delay was a benefit to her personally, which she contracted for in her own interest, and obtained by means of her promise. See White v. Rintoul, 108 N. Y. 229, 15 N. E. 318. The answer, it is true, does not set up the statute; but the rule that the statute cannot be made available, unless pleaded, does not apply here, as the defendant answered a complaint based upon goods sold and delivered, and could not have anticipated the necessity of meeting a claim founded on a promise to pay the debt of another. We think the motion of the appellant to dismiss as to her, on the ground that no sale or delivery to her had been proved, should have been granted. We are unable to find any evidence to support the judgment against Henrietta Miller.

The judgment herein should be reversed as to the appellant, Henrietta Miller, and a new trial ordered, with costs to appellant to abide the event. All concur.