T. M. LEWIS v. A. A. HALL.

(Filed July 17, 1902.)

**MOTION FOR NEW TRIAL—When Not Reversible Error to Overrule.** It is not reversible error for a trial court to peremptorily overrule a motion for a new trial, in a case tried before the court without a jury, where there is no error shown to have occurred in the trial of the cause.

(Syllabus by the Court.)

*Error from the District Court of Kingfisher County; before C. F. Irwin, Trial Judge.*

*W. A. McCartney,* for plaintiff in error.

No brief filed for defendant in error.

STATEMENT OF FACTS.

This is an action in replevin, brought by the plaintiff in error against the defendant in error in the court below to recover a certain quantity of corn. A jury was waived, and the case was tried to the court. The court rendered judgment in favor of the defendant in error, and a motion for a new trial was filed, which was, as shown affirmatively by the journal entry of judgment, "peremptorily overruled." Exceptions were saved to the rulings of the trial court, and the case is brought to this court by petition in error, with transcript attached, which brings to this court only those matters which are, by statute, made of record in the court below.

Opinion of the court by

PANCOAST, J.: The single error complained of is that the court below peremptorily overruled plaintiff's motion for

a new trial. It is contended by the plaintiff in error that the statutes not only give the party against whom judgment is rendered the right to file a motion for a new trial, but make it imperative that he file such motion in order to present the errors occurring at the trial to the supreme court, and therefore the party filing such motion is entitled of right to have the same fully and carefully considered by the trial court, and in support of this contention cites several Kansas cases, viz: *Hover v. Cockins & McCarroll,* 17 Kan. 518; *State v. Summers,* 24 Pac. 1099; *Mo. P. Railway Co. v. Goodrich,* 16 Pac. 439.

This question is not a new one in this court. Practically the same proposition arose in the case of *Pinson & Sunday v. Prentise,* 8 Okla. 143. In that case, as in this, a jury was waived, and trial was had to the court. One of the errors there complained of was that the court overruled the motion for a new trial *pro forma.* In that case, however, the proceedings of the court below were brought to this court by a case-made, and considering that case this court was enabled to examine the record and determine whether there was, in fact, any error in the proceedings of the court below. With the record before us in this case we are unable to make such an examination, as the transcript does not, and could not, contain the evidence, or any of the proceedings of the court below, other than the petition, affidavit and writ of replevin, motion for new trial, and journal entry of judgment. With only this record before us it is impossible to say whether or not the court erred in the judgment rendered.

The supreme court of Kansas has laid down the rule of practice, holding it error for the trial court to overrule a motion for a new trial *pro forma.* The leading case on this

proposition seems to be the case of *State v. Bridges,* 29 Kan. 138, which was a charge of murder. In overruling the motion for a new trial in that case the court declined to look into the evidence or pass upon its sufficiency. The defendant was charged with a grave crime, the evidence was greatly conflicting, and there was a serious question as to whether or not the jury was warranted in finding the defendant guilty of the crime charged. Unquestionably, in such cases it would be error for the trial court to overrule a motion to a new trial *pro forma,* or, perhaps, even peremptorily.

This court has held that where a case involves a question of fact to be determined by a jury, a rule of practice should be adopted different from that which prevails in cases tried to the court, which involve purely questions of law, or both questions of law and fact. To reverse a case tried to the court without a jury, because the trial court had not given that consideration to the cause when passing upon the motion for a new trial that usually is, and ordinarily should be given, regardless of whether or not the judgment of the court was, in fact, correct, would be merely to reprimand the judge of the trial court.

The true rule in such cases, when brought to this court by appeal, is to determine whether or not the trial court rendered a correct judgment in the case. If this court, upon an examination of the record, finds that a correct judgment was rendered, then it becomes immaterial whether or not the court below gave the cause proper consideration when passing upon the motion for a new trial. If the judgment was correct, no good purpose could be served by reversing the case, but, on the contrary, great injury would be done to the defendant in error. The plaintiff in error having failed to bring the case here in such form as to enable this court to

examine the entire record, and determine whether or not there was, in fact, error in the judgment of the court below, and the presumption being in favor of the correctness of the judgment of the trial court, this case must be affirmed upon the authority of the case of *Pinson & Sunday v. Prentise, supra.*

The judgment of the court below is affirmed.

Irwin, J., who presided in the court below, not sitting; all the other Justices concurring.