## J. B. Brock v. D. H. Williams, *et al.*

(Filed September 7, 1905.)

1. **CONTRACT, ABANDONMENT OF—When Justified—Indemnity Bond.** Where a sub-contractor executes a bond to the original contractor for the faithful performance of the terms of his contract and is prevented from completing the work as per his agreement, by reason of the failure of the original contractor to cause estimates to be made by the superinteding architect of the material furnished and labor performed by the sub-contractor, and to pay the amount thereof, at the times stated in his contract, after being requested by the sub-contractor to obtain such estimates and make such payments, and by reason of such default, the sub-contractor abandons the work, neither he nor his bondsmen are liable on the bond to the original contractor. One will not be permitted to prevent, by his own wrongful acts, the fulfillment and performance of an obligation of this kind, and then recover damages for default in its terms and conditions.

2. **EVIDENCE—When Sufficient.** Where a judgment is reasonably supported by the evidence, it will not be disturbed by this court. simply because the greater number of witnesses may have testified for the other party.

(Syllabus by the Court.)

*Error from the District Court of Payne County; before John H. Burford, Trial Judge.*

*J. M. Springer* and *Freeman E. Miller,* for plaintiff in error.

*No appearance* for defendants in error.

Opinion of the court by

Burwell, J.: The plaintiff in this case, J. B. Brock, entered into a contract with one Mr. Brock, in which he agreed

to erect a bank building for him in the city of Stillwater, in Payne County, Brock then entered into a sub-contract with one D. H. Williams, whereby Williams agreed to furnish all materials and perform all work necessary to complete the building according to the plans and specifications of the architect (except the brick and stone and the brick and stone work), for which he was to receive two thousand dollars and seventy five cents. Estimates of the value of the work and material were to be made by the architect every seven days, and Brock on such days was to pay Williams seventy five per cent of the amount of such estimates. Williams furnished material and performed labor of the value of several hundred dollars, but Brock only paid him in all, ninety-five dollars. Williams and one G. B. Lyon, having executed a bond to Brock for the faithful performance of the contract on the part of Williams, and Williams having refused to furnish all the material and work necessary to complete the building, Brock completed the same and then commenced this suit to recover on the work. Williams plead and, on the trial, offered evidence tending to show that Brock, although requested by Williams to do so, had failed to secure estimates of the value of the work and materials furnished by Williams, and to pay to him seventy five per cent of the value thereof, as provided in the contract, and that by reason of such failure, he had been compelled (not having separate means of his own) to abandon the work. The jury having found generally for the defendants, we must assume that Brock was the first to violate the terms of the contract; and by failing to secure the estimates and pay the seventy five per cent of the value of the material and work, upon demand, as it was agreed that he should do, he, by such failure on his own part, prevented Williams from completing

the building, and, therefore, being the first in default, in the light of all the facts, he cannot complain because Williams abandoned the job.

Mr. Justice Swayne, in the case of *Canal Company v. Gordon,* 73 U. S. 561, said:

"In a contract to make and complete a structure, with agreements for monthly payments, a failure to make a payment at the time specified is a breach which justifies the abandonment of the work, and entitles the contractor to recover a reasonable compensation for the work actually performed. and this, notwithstanding a clause in the contract providing for the rate of interest which the deferred payment shall bear in case of failure."

To the same effect is the case of *Bennett v. Shaughnessy, et al,* (Utah) 22 Pac. 157.

While the greater number of witnesses testified in favor of the plaintiff upon material points in issue, yet there is sufficient evidence to support the verdict.

The judgment is hereby affirmed at the cost of appellant.

Burford, C. J., who presided in the court below, not sitting; all the other Justices concurring.