LINSON V. SPAULDING.

No. 2184, Okla. T.   Opinion Filed February 23, 1909.

1.   APPEAL AND ERROR—Presumption Against Error. Error is never presumed by the Supreme Court; it must always be shown affirmatively by the record, or it will be presumed that no prejudicial error was committed by the trial court, and the judgment will be sustained.

2.   SAME—Overruling Motion for New Trial Pro Forma. The overruling of a motion for a new trial pro forma by a trial court is not in itself, and in the absence of any claim that the judgment of the court on the merits of the cause is erroneous, sufficient to require a reversal of the cause.

(Syllabus by the Court.)

*Error from District Court, Kingfisher County.*

Action by D. V. Spaulding against J. T. Linson. Judgment for plaintiff, and defendant brings error. Affirmed.

*Wylie, Noffsinger & Hinch,* for plaintiff in error.
*W. A. McCartney* and *W. L. Moore,* for defendant in error.

DUNN, J.   This case presents an appeal from a judgment of the district court of Kingfisher county. There is but one point relied on by counsel for plaintiff in error to secure a reversal, which is, that a motion for a new trial was overruled by the trial court *pro forma.* No contention or claim is made that in fact the the judgment was wrong on the merits.

A case from the Supreme Court of the territory of Oklahoma, *Board of Commissioners of Washita County v. Hubble,* 8 Okla. 169, declared the familiar rule that:

"Error is never presumed by the Supreme Court; it must always be shown affirmatively by the record, or it will be presumed that no prejudicial error was committed by the trial court, and the judgment must be sustained."

In the light of this, it will be seen that we must in the absence of a showing of error in the case, conclude that the judgment of the lower court was correct in all particulars, that both parties

had a fair trial, that the court duly and fully considered their different claims, and for its conclusion rendered a judgment in strict accordance with the law giving proper relief to the proper party. This being true, conceding the question to be properly raised, the ends of justice in our judgment would not be attained by remanding such a case for another trial for the reason here urged.

The case of *Lewis v. Hall,* 11 Okla. 684, and *Pinson & Sunday v. Prentise,* 8 Okla. 143, appear to be in point on the question.

In the case of *Lewis v. Hall, supra,* Justice Pancoast in the consideration thereof, said:

"If the judgment was correct, no good purpose could be served by reversing the case, but, on the contrary, great injury would be done to the defendant in error. The plaintiff in error having failed to bring the case here in such form as to enable this court to examine the entire record, and determine whether or not there was, in fact, error in the judgment of the court below, and the presumption being in favor of the correctness of the judgment of the trial court, this case must be affirmed."

In the case of *Pinson & Sunday v. Prentise, supra,* Mr. Justice Hainer said:

"The only question that should be considered by this court is, did the trial court render a proper judgment in the case? And, if the court rendered a proper judgment, what sound reason can be given that the overruling of a motion for a new trial, even *pro forma,* is prejudicial to the substantial rights of the plaintiffs? We cannot assent to establish a rule of practice in this territory which would require this court to reverse a case upon such a frivolous ground, regardless of the merits of the case, and the justness of the decision of the trial court."

The judgment of the trial court is accordingly affirmed.

All the Justices concur.