OKLAHOMA PORTLAND CEMENT CO. v. ANDERSON *et al.*

No. 472.    Opinion Filed May 9, 1911.

(115 Pac. 767.)

1.    CORPORATIONS—Powers—Necessary Incidents.    The charter of a corporation, read in connection with the general laws applicable to it, is the measure of its powers, and a contract manifestly beyond those powers will not sustain an action against the corporation.    But whatever under the charter and other general laws reasonably construed may fairly be regarded as incidental to the objects for which the corporation is created is not to be taken as prohibited.

2.    APPEAL AND ERROR—Appointment of Agent—Sufficiency of Evidence.    Where the question of the appointment of an agent was submitted to the jury under an instruction to the effect that to entitle the plaintiff to recover damages for a breach of contract alleged to have been executed by M., the agent of the defendant, the jury must either find that M. was an agent of the defendant at the time said alleged contract was entered into, or that after the contract was made, and with full knowledge of all the material facts relating thereto, the defendant ratified the same, and there was evidence reasonably tending to establish both the agency and ratification, the finding of the jury is conclusive on appeal.

3.    NEW TRIAL—Overruling Motion.    It is not reversible error for the trial court to peremptorily overrule a motion for a new trial, where there is no error shown to have occurred in the trial of the cause.

(Syllabus by the Court.)

*Error from Pontotoc County Court; Joel Terrell, Judge.*

Action by P. E. and T. D. Anderson against the Oklahoma Portland Cement Company.    Judgment for plaintiffs, and defendant brings error.    Affirmed.

*Clinton A. Galbraith* and *Thos. D. McKeown,* for plaintiff in error.

*Duke Stone,* for defendants in error.

KANE, J.    This was an action to recover damages for breach of a contract commenced by the defendants in error, plaintiffs below, against the plaintiff in error, defendant below.    Hereafter

the parties will be called plaintiffs and defendant, respectively. The petition alleges, in substance, that the plaintiffs and defendant entered into an oral contract whereby the plaintiffs were to move from Shawnee, Okla., to Oolite, Okla., for the purpose of boarding the men employed by the plaintiff in error in its quarry at that place; that, by reason of the breach of said contract by the defendant, they had been damaged in the aggregate sum of $750. The answer denied the execution of said contract by the defendant or any one authorized to act for it, and denied liability in any sum; and further alleged that the Andersons had moved to Oolite with its knowledge and consent, and had established the boarding house there, and that the defendant voluntarily did many things to assist and help the venture along, but that the venture proved a failure through no fault of the defendant, but was due wholly to the fault of the Andersons themselves. A trial before the court and jury resulted in a verdict and judgment in favor of the plaintiffs in the sum of $120, to reverse which judgment this proceeding in error was commenced.

Counsel for plaintiff in error argue their numerous assignments of error in their brief under four subheads, which may be briefly stated as follows: (1) It was error for the court to overrule the defendant's objection to the introduction of any evidence in said cause, for the reason that the petition alleged that the defendant is a private corporation engaged in a particular business, which is admitted by the answer, and does not allege that conducting a hotel or boarding house was any part of the business for which said corporation was organized, or that said boarding house was an incident of the business of manufacturing and selling Portland cement; nor does the petition set out that said alleged contract was either made by a manager or agent duly authorized to enter into contracts for plaintiff in error, and that such alleged contract was such a one as it had the power to enter into under its charter and by-laws. (2) That the court erred in overruling the demurrer of the defendant to the plaintiffs' evidence at the close of the plaintiffs' case. (3) The court erred in giving certain

instructions asked by the plaintiffs and in refusing certain instructions requested by the defendant. (4) The court erred in overruling defendant's motion for a new trial *pro forma* and without argument.

The first contention of counsel for defendant cannot be sustained. The answer admits and the evidence shows that the defendant, a private corporation, in connection with the manufacture of cement, was running a rock quarry at Oolite, and owned a boarding house at the point for the purpose of boarding its men employed in the quarry; that this quarry was in charge of a foreman named Mosman, and that it was with Mosman the plaintiffs originally entered into the contract. Under the terms of the contract thus entered into, the plaintiffs moved into the defendant's boarding house and boarded its men until they were discharged by the defendant; that the plaintiffs occupied said boarding house with the knowledge and consent of defendant, and it did many things to help the boarding house venture along.

In *Ft. W. City Co. v. Smith Bridge Co.,* 151 U. S. 294, 14 Sup. Ct. 339, 38 L. Ed. 167, it was held:

"A corporation created for the purpose of dealing in lands, and to which the powers to purchase, to subdivide, and to sell, and to make any contract essential to the transaction of its business are expressly granted, possesses the incidental power to incur liability for building a bridge to secure better facilities for transit to and from the lots or lands, which it is its business to acquire and dispose of."

In *Green Bay & M. R. Co. v. Union Steamboat Co.,* 107 U. S. 98, 2 Sup. Ct. 221, 27 L. Ed. 413, the general rule is stated as follows:

"The charter of a corporation, read in connection with the general laws applicable to it, is the measure of its powers, and a contract manifestly beyond those powers will not sustain an action against the corporation. But whatever, under the charter and other general laws, reasonably construed, may fairly be regarded as incidental to the objects for which the corporation is created, is not to be taken as prohibited."

In the case at bar the defendant deemed a boarding house a

necessary incident to the purpose for which it was incorporated, and we do not think that under the circumstances of this case we ought to say that in doing so they exceeded the authority conferred upon them by their charter and the laws under which they were incorporated. Owning and operating a boarding house in the vicinity of its quarry no doubt tended directly to promote the legitimate business of the corporation, and we are of the opinion that it may fairly be regarded as incidental to the objects for which the corporation was created. According to the finding of the jury, it received a benefit at the expense of the other contracting party, and it cannot now object that the boarding house was not a proper incident to its business of making cement and quarrying stone.

On the second proposition, in addition to the objections heretofore disposed of, it is further urged that the evidence wholly fails to show the agency of Mosman or his authority to act for the defendant. On that question the court instructed the jury as follows:

"I charge you that the question of whether or not A. J. Mosman was the agent of the defendant is a question of fact to be found by you under the instructions herein given; that is to say, agency need not be proved by affirmative evidence that the agent was formally appointed as such but may be shown by facts showing that the agency in fact existed, or that the acts of the alleged agent were ratified and accepted by defendant. The agency of Mosman may be proved by circumstances and the course of dealing between him and the defendant, and it is not necessary to show the agency by direct proof. I charge you that, though you may find that the contract made by Mosman was not previously authorized, yet, if the defendant after knowledge of the same ratified it and accepted the benefits thereunder, then the defendant is bound thereby, and if you find that the defendant ratified the contract made by Mosman, if any, and accepted its benefits without inquiry in detail of the terms of the same, then the defendant is bound by the contract because the defendant could not in law accept a part of the contract or ratify the same, made for its benefit, and reject the other terms of the contract made

by their agent within the scope of his authority, though the defendant may not have known of all the terms of the contract."

And, at the request of the defendant on the same subject, the court gave the following instructions:

"You are further instructed that it is a rule of law that the ratification of an act of an agency previously unauthorized must, in order to bind the principal, be with a full knowledge of all the facts; and that, in order to find for the plaintiffs in this case, you must either find that Mosman was the agent of the defendant at the time said alleged contract was entered into with authority to enter into it, or that after the contract was made and with full knowledge of all the material facts relating to the same, the defendant or its manager ratified it."

These instructions stated the law in relation to the subject under discussion with substantial accuracy; and, as there was evidence reasonably tending to prove both the agency and ratification, the finding of the jury on those questions will not be disturbed.

The instructions complained of under the third subhead state the rule as to the measure of damages, and counsel for plaintiff in error object to them because they say they "must have been confusing to the jury, since they are confusing to counsel in reading same in the quiet of his study." The record does not disclose any confusion on the part of the jury of which the defendant could complain. If there was any confusion in their mind as to the measure of damages, one would be justified in inferring from the record that it was to the advantage of the defendant and not to its prejudice. The plaintiffs prayed for $750. The verdict was in their favor for $120. There is ample evidence to sustain a verdict for the latter amount upon a statement of the rule as to the measure of damages contained in one of the instructions given which counsel admit to be correct.

In regard to the objection of counsel for the overruling of the motion for a new trial, the record shows that the motion for a new trial was "by the court overruled without argument." We do not believe this was error. It is not reversible error for the trial court to peremptorily overrule a motion for a new trial, where there is no error shown to have occurred in the trial of the cause.

*Pinson & Sunday v. Prentise,* 8 Okla. 143, 56 Pac. 1049; *Lewis v. Hall,* 11 Okla. 684, 69 Pac. 890; *Linson v. Spaulding,* 23 Okla. 254, 108 Pac. 747.

The judgment of the court below is affirmed.

All the Justices concur.