WICKER v. DENNIS *et al.*

No. 1149.   Opinion Filed October 10, 1911.

Rehearing Denied December 12, 1911.

(119 Pac. 1122.)

1.   **APPEAL AND ERROR**—Objections Not Made Below—Waiver.
In a case where there are several parties defendant, and, one or
more seek and obtain a change of judge in the manner provided
by law, neither the plaintiff nor the other defendants making
objection to such change, and the case goes to and is tried by
such special judge, it will be too late, after the case comes to
this court on appeal, for the plaintiff below to raise any objection
to the jurisdiction of said judge of the parties, or of the subject-
matter of the controversy, but he will be deemed to have waived
any objection he may have had, and the special judge so selected
will have full and complete jurisdiction over both the parties
and the subject-matter of the controversy.

2.   **SAME**—Review—Findings of Fact.   This court will not disturb
the findings of fact by a jury, or by a court sitting in place of a
jury, if there is any evidence reasonably tending to establish
the allegations of the petition, or, as in the case at bar, the answer
and counterclaim.

3.   **SAME**—Review—Findings of Fact by Court—New Trial.   Where
a case is tried by the court without a jury, and the court overrules
a motion for a new trial **pro forma**, refusing to hear it on its
merits, the finding of fact and the judgment of the court thereon
will not be disturbed by this court if the evidence is sufficient
to sustain such findings and judgment of the court.

(Syllabus by Robertson, C.)

*Error from Custer County Court; Walter S. Mills, Judge
pro tem.*

Action by W. M. Wicker against J. H. Dennis and others.
Judgment for defendants, and plaintiff brings error.   Affirmed.

*Andrew J. Welch,* for plaintiff in error.

*M. L. Holcombe,* for defendants in error.

Opinion by ROBERTSON, C.   This case presents error
from the county court of Custer county.   Plaintiff in error, who

was plaintiff below, commenced an action on June 29, 1908, in the county court of said county against the defendants in error to recover $271 alleged to be due on a promissory note. The defendants answered, admitting the execution of the note sued on, but denied liability thereon, because of a failure of consideration and fraud, and set up a counterclaim and damages amounting to $832.50. The answer and counterclaim alleged that the consideration of the note sued on was for a part purchase price of a stallion and jack; the entire purchase price being $1,000. The defendants alleged that they bought the animals for breeding purposes only. The jack had no value aside from that of a breeder. Plaintiff had warranted him to be a good breeder and an average colt-getter. The warranty was in writing. The defendants allege in their answer and counterclaim that the jack was worthless as a breeder. Plaintiff replied by general denial, and upon the issues thus joined trial was had to the court before W. S. Mills, special judge, without a jury, which resulted in a verdict for the defendant on a counterclaim in the sum of $266.70. From this judgment, plaintiff appeals, and in his brief relies upon four assignments of error for a reversal. The first is:

"First. The defendant J. H. Dennis made no application for a change of judge. Therefore the court had no jursidiction over him, and no right to adjudicate in this cause relative to him. Jurisdiction cannot be conferred by agreement, and jurisdictional matters can be taken advantage of at any time. Hence this cause should be reversed as to J. H. Dennis for want of jurisdiction."

The record on page 19 shows that on August 16, 1909, the defendants Roger and Stanley filed an affidavit charging the regular judge of said court with bias and prejudice, and alleging that they could not have a fair and impartial trial should he continue to preside, etc., which was considered sufficient by the court, and a change of judge was ordered.

"Whereupon, plaintiff and defendants agreed upon W. S. Mills as a special judge to try said cause, and thereupon said W. S. Mills took the oath of office, as required by law, and assumed the duties of trying said cause, as a special judge, and the defendants declared ready for trial." (Record, p. 20.)

We fail to see any merit in the contention of plaintiff in error that the court had no jurisdiction over the defendant Dennis. This being a joint action against all three defendants, and two of them having secured a change of judge in the manner provided by law, the whole case was thereby taken before the special judge, and he had full and complete jurisdiction of both subject-matter and parties. It also appears that the same counsel represented all three defendants throughout the entire trial, and no objection of any kind was made by Dennis, or any one else, to the special judge or to the manner of his selection, but, on the contrary, it affirmatively appears in the record that Dennis, together with his codefendants, and this plaintiff in error, in open court, agreed upon W. S. Mills as a special judge, and certainly he will not now be heard for the first time to object.

The next assignment of error is:

"The court erred in refusing to sustain the demurrer of the plaintiff to the evidence of the defendants, and in refusing to sustain the motion of the plaintiff for judgment."

It is a well-established rule that an appellate court will not disturb the finding of fact by a jury, or by a court sitting in the place of a jury, if there is evidence reasonably tending to establish the allegations of the petition, or, as in this case, the answer and counterclaim.

"When there is any evidence introduced at the trial of a cause reasonably tending to establish the allegations of plaintiff's petition, it is error for the court to sustain a demurrer to such evidence and render judgment in favor of the defendant." (*Cole v. M., K. & T. Ry. Co.,* 20 Okla. 227, 94 Pac. 540, 15 L. R. A. [N. S.] 268.)

"Where any evidence has been presented tending to prove issues, it is proper to overrule a demurrer to the evidence, or deny a peremptory instruction." (*St. L. & S. F. R. Co. v. Jamieson,* 20 Okla. 654, 95 Pac. 417.)

We have carefully examined the evidence and find that fourteen witnesses testified in the case; and, while the testimony is conflicting and on some points unsatisfactory, yet we cannot say there was no evidence reasonably tending to support the finding of the court.

The next assignment of error to be noticed is:

"Plaintiff in error next complains that the trial court erred in refusing to hear argument of counsel on the motion for a new trial and in overruling same *pro forma*."

This subject has been before this court several times in the past, and is no longer an open question in this state. In *Pinson & Sunday v. Prentise*, 8 Okla. 143, 56 Pac. 1049, the court, speaking through Mr. Justice Hainer, said:

"Where a case is tried by the court without a jury and the court overrules a motion for a new trial *pro forma*, refusing to hear it on its merits, the findings of facts and the judgment of the court thereon will not be disturbed by this court if the evidence is sufficient to sustain such findings and judgment of the court."

In *Lewis v. Hall*, 11 Okla. 684, 69 Pac. 890, the court in discussing this identical question said:

"The true rule in such cases when brought to this court by appeal is to determine whether or not the trial court rendered a correct judgment in the case. If this court, upon an examination of the record, finds that a correct judgment was rendered, then it becomes immaterial whether or not the court below gave the cause proper consideration in passing upon the motion for a new trial. If the judgment was correct, no good purpose could be served by reversing the case, but, on the contrary, great injury would be done to the defendant in error."

It there held that it was not reversible error for a trial court to peremptorily overrule a motion for a new trial in a case tried before the court without a jury, where there was no error shown to have occurred at the trial. Our own court since statehood has followed the rule laid down in the above case, and in *Linson v. Spaulding*, 23 Okla. 254, 108 Pac. 747, the court, speaking through Mr. Justice Dunn, said:

"The overruling of a motion for a new trial *pro forma* by a trial court is not in itself, and in the absence of any claim that the judgment of the court on the merits of the case is erroneous, sufficient to require a reversal of the cause."

See, also, the case of *Oklahoma Portland Cement Co. v. Anderson et al.*, decided by Mr. Justice Kane, 28 Okla. 650, 115 Pac. 767, to the same effect.

The other assignments of error are not properly raised in the motion for the new trial or otherwise, and are not discussed in the brief of the plaintiff in error, and hence will not be considered in the determination of this cause.

After a careful examination of the entire record, we fail to discover any error that would warrant a reversal, and the judgment of the county court of Custer county should therefore be affirmed.

By the Court: It is so ordered.

All the Justices concur.