## TERRY v. PARNELL.

No. 756.   Opinion Filed November 14, 1911.

(119 Pac. 629.)

1. **NEW TRIAL—Overruling Motion Pro Forma.** The overruling of a motion for a new trial pro forma by a trial court is not in itself error sufficient to require a reversal of the cause.

2. **GARNISHMENT — Third Party as Claimant — Burden of Proof.** Where the fund in the hand of the garnishee is claimed by a third party, the burden of establishing his superior right thereto is upon such claimant.

3. **EVIDENCE—Exclusion—Assignments.** It is error to sustain an objection to the introduction in evidence of an assignment duly executed, unimpeached, and in all particulars regular upon its face, under which a third party claims title to a fund in the hands of a garnishee.

(Syllabus by the Court.)

*Error from District Court, McClain County; R. McMillan, Judge.*

Action by J. M. Parnell against E. J. O'Shea and others. Garnishment against the Canadian Valley Construction Company. Interplea by W. J. Terry. Judgment for plaintiff, and Terry brings error. Reversed and remanded.

*A. D. Brown,* for plaintiff in error.

*Rennie, Hocker & Moore,* for defendant in error.

DUNN, J.   This case presents error from the district court of McClain county.   March 18, 1909, J. M. Parnell filed his com-

plaint against E. J. O'Shea and John McManus to recover for ·
goods furnished them in the amount of $139.63. Judgment was
allowed to go by default. The plaintiff then, in order to impound
monies in the hands of the Canadian Valley Construction Com-
pany due from it to the defendants, had a garnishee summons
issued and served upon it, which in due time answered that it
had in its possession the sum of $619.35, but that prior to the
service upon it of the said writ of garnishment there was served
upon it an assignment thereof signed by the defendants, O'Shea
and McManus, whereby they, for the consideration ·of $2,208.99,
assigned to W. J. Terry, of Lehigh, all claims and demands which
it then held or which thereafter might accrue in its hands to them
prior to May 15, 1907. The garnishee thereupon prayed that
said W. J. Terry, who was claiming the said fund by virtue of·
the said assignment, be made a party defendant to the garnish-
ment proceeding and required to set up such claim as he had to
the fund. The assignment referred to was executed on December
17, 1906, and recited that for a valuable consideration there was
transferred, assigned, and set over to the said Terry all or any
claims and demands which the said O'Shea and McManus had or
which might accrue to them between that date and May 15, 1907,
by reason of any contract then existing or which might there-
after be entered into between them. Thereupon the said Terry
was made a party, and on January 8, 1908, he filed an answer
claiming the money impounded and praying for an order re-
quiring the said Canadian Valley Construction Company to pay the
same into court, and that it be discharged as a further party
to the cause. The said Terry further answered that the answer of
the garnishee theretofore made was correct, and that the money
in the hands of the Canadian Valley Construction Company was
not subject to garnishment, for the reason that it had been pre-
viously assigned to him and had been so assigned long prior to
the filing of the suit, and that the money claimed under the as-
signment was earned by the defendants between the 17th day of
December, 1906, and the 15th day of May, 1907, and was a part
of the funds covered by the said assignment, and prayed for

judgment. Whereupon plaintlff filed his reply, in which he denied that the assignment was made by the defendants O'Shea and McManus, and also averred that it was made and entered into between the defendants and the said Terry with fraudulent intent to cheat, hinder, and defraud plaintiff, and that the said interpleader, Terry, had solicited plaintiff to continue furnishing the defendants with supplies, especially recommending defendants to plaintiff for credit. Thereafter the said Terry by counsel filed a pleading which he entitled a rejoinder, in which he denied the allegations contained in the reply.

On March 18, 1908, on the issues thus made the cause came on for trial before a jury, and the court, on motion and over objection, ruled that the burden of proof to establish the validity of his assignment and his right to the fund was upon W. J. Terry, to which exceptions were saved. Whereupon, to sustain the cause on his part, counsel for Terry offered in evidence the assignment above referred to, to the reception of which as evidence counsel for plaintiff objected on two grounds: First, that if it was relied upon as a mortgage, it had not been recorded; and, second, if intended as an assignment, it was void for the reason that it attempted to convey something that did not exist at the time of its making and execution. This objection was by the court sustained, to which the defendant Terry excepted. The assignment being the only evidence offered in the case, the jury was instructed to find for the plaintiff and against the interpleader, Terry, on the issues between them, which was accordingly done, and judgment rendered thereon for the amount of plaintiff's judgment, to reverse which counsel for intervenor, Terry, has duly lodged the case in this court for review.

The complaint is first made that the judgment should be reversed and a new trial ordered because the court on the consideration of the motion for a new trial overruled the same *pro forma*. It has been held in a number of cases that this ground in itself is not sufficient to require reversal. *Pinson & Sunday v. Prentise*, 8 Okla. 143, 56 Pac. 1049; *Lewis v. Hall*, 11 Okla.

684, 69 Pac. 890; *Linson v. Spaulding,* 23 Okla. 254; *Oklahoma Portland Cement Co. v. Anderson et al.,* 28 Okla. 650, 115 Pac. 767.

It is next contended that the court erred in its rule placing the burden of proof upon plaintiff in error. Section 5723, Comp. Laws Okla. 1909, provides, in substance, that when the answer of the garnishee discloses that another person than the defendant claims the indebtedness, service upon such party shall be made, whereupon such claimant "shall be deemed a defendant to the garnishee action," and that "in case of default, judgment may be rendered, which shall conclude any claim upon the part of such defendant." When the garnishee summons was served, it caught in the hands of the construction company sufficient funds to have paid plaintiff's judgment. This fund plaintiff was entitled, under his garnishment, to have applied to the liquidation of his judgment, unless some other person had a superior claim thereto. When the construction company answered by showing that Terry claimed it, this had the effect of suspending plaintiff's claim until Terry could be given an opportunity to assent and establish his right to the fund. If he failed to avail himself thereof, then plaintiff was entitled to the fund, and judgment would have run in his favor against the construction company for the amount thereof. Plaintiff's claim was *prima facie* superior to Terry's or anyone else's, and if Terry secured the fund it was necessary to do so upon the strength of his own title, which would necessarily place upon him the burden of establishing his right to the money and of showing that it was superior to the right of plaintiff. This conclusion on our part finds support in the following texts and the authorities cited in support thereof: Bailey on *Onus Probandi* and Preparation for Trial, p. 27; 2 Wade on Attachment, sections 375, 435; 2 Shinn on Attachment and Garnishment, sec. 676; Rood on Garnishment, sections 342, 343, and 348.

In section 343 of Rood on Garnishment, *supra,* the author says:

"The claimant is made a party merely for the purpose of determining whether he has such an interest in the property that

the plaintiff cannot have a judgment condemning it to the satisfaction of his claim against the principal defendant. Therefore, the only matter in which he is concerned is to show his superior title. He must rely upon the strength of his own claim."

The argument of counsel upon the question of the admissibility of the assignment as evidence is purely hypothetical and based on grounds which do not appear within the assignment, the reception of which was rejected, nor are they made to appear in any other way by the record. The assignment appears in every particular to be regular; it was for a valuable consideration with a presumably proper subject-matter, and completely conveyed title to the same. It was necessary, in order to sustain the objections urged against it, to assume matters not shown either by the pleadings, the paper, or any other proof, and, under these circumstances, in our judgment the document was admissible.

The judgment of the trial court is therefore reversed, and the action remanded, with instructions to set aside the judgment heretofore entered and grant plaintiff in error a new trial.

All the Justices concur.