## CHICAGO, R. I. & P. RY. CO. v. BARONI.

No. 1260.   Opinion Filed March 12, 1912.

Rehearing Denied April 9, 1912.

(122 Pac. 926.)

1. **RAILROADS—Accident at Crossing—Duty to Stop.** In an action for injuries received at a railroad crossing, it is not error for the court to refuse to charge the jury, as a matter of law, that it is the duty of the plaintiff to stop before going upon the crossing.

2. **SAME—Contributory Negligence—Age of Plaintiff.** In an action for injuries received at a railroad crossing, where the plaintiff is an infant nine years old, it is not error for the court, in instructing upon the question of contributory negligence, to permit the jury to take into consideration the age, experience, and maturity of the plaintiff.

3. **SAME—Retroactive Operation of Constitution—Unanimous Verdict.** Where the cause of action arose before the adoption of the Constitution, but suit was not filed until afterwards, the constitutional provision permitting a verdict to be returned by three-fourths of the jurors applies.

4. **NEW TRIAL—Hearing—Absence of Counsel—Reopening—Order.** When a motion for new trial is filed at one term, the hearing thereon is continued to the next, a day is set at the next term for hearing motions, notice thereof is given, and counsel are not present when the motion is reached on the regular call of the docket, and when thus reached the court passes on the motion, and afterwards, during the same day, counsel appear and request leave to argue the motion, it is not an abuse of judicial discretion for the court to deny the request.

5. **APPEAL AND ERROR—Instructions—Refusal.** When the instructions, as given by the court, are correct, and the instructions in the form requested by the losing party are properly refused, the cause will not be reversed for lack of fullness in the instructions as given.

(Syllabus by Ames, C.)

*Error from District Court, Pittsburg County;*
*Preslie B. Cole, Judge.*

Action by Augustus Baroni, by his next friend, Caton Baroni, against the Chicago, Rock Island & Pacific Railway Company to recover damages on account of personal injuries. Judgment for plaintiff, and defendant brings error. Affirmed.

*C. O. Blake, H. B. Low, R. J. Roberts,* and *Allen Wright,* for plaintiff in error.

*Wallace Wilkinson,* for defendant in error.

Opinion by AMES, C. The error discussed in the brief of the plaintiff in error, hereafter referred to as defendant, is that the trial court erred in overruling the motion for new trial, and under this assignment it is argued that the court erred in refusing an instruction requested by the defendant; in giving an instruction contained in the charge; that the plaintiff was guilty of contributory negligence; that it was error to permit a majority verdict to be returned; and that the court erred in refusing to hear argument of counsel on the motion for new trial.

The plaintiff, a nine year old boy, alleged that he was injured by the defendant at a railroad crossing; that the defendant was negligent in operating its train at an excessive speed, and in failing to give crossing signals. The answer was a general denial and a plea of contributory negligence. The evidence of the plaintiff tended to show that the accident occurred at a crossing, and that the defendant failed to give the crossing signals; while the cross-examination of the plaintiff's witnesses and the evidence of the defendant tended to show that the accident occurred on the private right of way of the defendant, and not at a crossing; that the plaintiff was guilty of contributory negligence, and that the engineer and fireman of the defendant never saw the plaintiff at all; that the accident was not caused by the engine, but happened by reason of the plaintiff falling from or by the side of the train.

The court instructed the jury that if the accident happened on the private right of way the plaintiff was not entitled to recover, fairly presented in his instructions the defendant's theory of the case, and no complaint is made about these instructions.

It is claimed, however, that the court erred in refusing to give the following instruction: .

"The court instructs you that a railroad track is in itself a warning of danger to those about to go upon it, and that it is the duty of those about to cross a railroad track to stop, look, and listen to ascertain if there is a present danger in crossing. And if you find that the plaintiff, Augustus Baroni, failed to stop, look, and listen before attempting to cross said defedant's tracks then said plaintiff would be guilty of such negligence as would bar a recovery, notwithstanding you find from the evidence that the defendant company failed to give signals and to warn plaintiff of the approaching of its trains, and said failure to give said signals contributed to the injury complained of."

We do not think it was error to refuse this instruction, as, in our opinion, it cannot be declared as a matter of law that it is the duty of a person approaching a railroad track at a crossing to stop before going upon the track. It is, of course, his duty to look and listen, and to exercise such care as is commensurate with his surroundings to avoid an accident, and there may be circumstances under which he should stop; but whether or not this is true depends upon the particular facts of the case, and we do not think it can be said, as a matter of law, under the facts in this case, that it was the plaintiff's duty to stop. The rule is stated as follows (3 Elliott on Railroads [2d Ed.] sec. 1167), and is supported by citation of many authorities:

"Ordinary care often requires that the traveler should stop, look, and listen for moving trains, from a place where danger can be discerned and precaution taken to avert it. If, for instance, the noise is so great that an approaching train cannot be heard, and the obstructions are such that it cannot be seen, then the traveler must come to a halt and look and listen. It cannot be said that one who simply looks and listens where he knows, or should know, such acts are fruitless and unavailing exercises that degree of care which the law requires. While it cannot be justly affirmed, as we believe, as matter of law that there is a duty to stop in all cases, yet there are cases where the failure to stop must be deemed such a breach of duty as will defeat a recovery by the plaintiff. There are very many cases holding that the surroundings may be such as to impose upon the traveler the duty of stopping, looking, and listening, and these cases, as we think,

assert the true doctrine. Some of the courts, in well-reasoned cases, press the rule further, and hold that the traveler must, in all cases, stop, look and listen. As we have said, we do not think that it can justly be affirmed, as matter of law, that there is a duty to stop in all cases; but we do think that the duty exists in cases where there is an obstruction to sight or hearing, and that where the surroundings are such that but one conclusion can be reasonably drawn, and that conclusion is that it is negligence to proceed without halting, the court should without hesitation direct a verdict, if no halt is made. In the majority of cases, however, the question is one of fact, or a mixed question of law and fact, rather than a pure question of law."

The other instruction complained of was one given by the court, reading as follows:

"The court instructs the jury that it is the duty of every person, when going upon or across a railroad track at a public crossing, to look in each direction to see if cars are approaching, and a failure to do so is a want of ordinary care. As a matter of law, both the plaintiff and the defendant railway company had a right to cross the road at the point where plaintiff claims the accident happened, and the law imposes on both parties the duty of using reasonable and prudent precaution to avoid accident and danger; but the conduct of a child of nine years is not of necessity to be judged by the same rules which govern that of an adult. While it is the general rule in regard to an adult or grown person that, to entitle him to recover damages for an injury resulting from the fault or negligence of another, he must have been free from fault, such is not the rule in regard to a child of tender years. Care and caution required of a child is according to its maturity and capacity, and he is only bound to exercise such a degree of care as children of his particular age may be presumed capable of exercising; and in this case it was incumbent upon the railway company, while running its cars across said crossing at or near Alderson, on the occasion referred to, to give signals and warning of the approaching of its said cars by ringing the bell and blowing the whistle before reaching said crossing, to give notice of its coming, and if you believe from the evidence in this case that the plaintiff, Augustus Baroni, went upon and across the tracks of the said defendant at said crossing at the time as alleged in plaintiff's petition, and that he looked in each direction and listened for approaching trains, and that none were seen or heard approaching, and that he thereupon entered upon said crossing, and that while passing

over the tracks of the defendant, and without warning from said defendant or its employees running its said train, and without fault upon the part of the plaintiff, considering his age and tender years, was suddenly struck by an engine of the defendant that was being run over and across said crossing, cutting off some of the toes and a part of plaintiff's left foot and otherwise injuring and bruising him, then you should find for the plaintiff."

It does not seem to be claimed by the defendant that it was error for the court to authorize the jury to take into consideration the age and state of maturity of the plaintiff; and the instruction of the court on this point seems to be supported by the authorities. The rule, as laid down in 3 Elliott on Railroads (2d Ed.) sec. 1172, is as follows:

"There is much confusion and conflict upon the question as to whether persons of nonage may be guilty of contributory negligence; not, indeed, as to whether persons, although not of full age, may be guilty of contributory negligence, but upon the question as to what age shall be deemed the age of discretion, so as to make it the duty of a person of nonage to exercise that degree of care required of adult persons at railroad crossings. We think that, as a rule, children of 'tender age'—that is, very young children—cannot, as a matter of law, be deemed guilty of contributory negligence for failing to look and listen at railroad crossings; but that, where the age and intelligence of the child are such that it can understand the dangers of the place, it may be deemed guilty of contributory negligence in attempting to cross without exercising care. In many instances, the question as to whether the person is so young as to excuse the failure to exercise care, or at least as to whether he exercised the care and discretion ordinarily possessed and exercised by children of the same age, capacity, and intelligence, is a question of fact for the jury; but there are unquestionably cases in which the court may adjudge, as a matter of law, that the age of the person, although majority had not been attained, is such as to require the same measure of care as that required of adult persons, or at least a certain amount of vigilance and caution. The age of the injured child is always a proper matter for consideration in determining whether there was contributory negligence; but age is by no means the only matter to be considered, unless the child is so young that, as a matter of law, it can be adjudged incapable of exercising care for its own safety."

The principal criticism of the instruction is that the doctrine of contributory negligence is not explained to the jury with sufficient fullness, and it is strongly urged that the plaintiff should be held responsible for failure to see that which an ordinary person, under like circumstances, could have seen; and it is said in the brief:

"If certain objects are in a certain direction, and a boy with normal use of his faculties looks in that direction, it is fair to say that he saw them, or that he could have seen them if he had looked in that direction, no matter what he says he saw? And if it was his duty to look in that direction to protect himself, would it seem unreasonable to say he should have looked, not in one, but in both, directions after stopping and while listening? A person must be held to have done those things and seen those objects discernible by an ordinary person in the same or like conditions. A child's vision and hearing are more acute than most older persons, and when in a place of known danger are more alert and active."

We confess that this argument appeals to us with great force, and that it seems entirely reasonable to believe that a person approaching a railroad track, who testifies that he looks up and down the track, should be held to the responsibility of seeing a train in plain view on a straight track; but this argument tends to establish negligence on the part of the plaintiff contributing to his injury, and the doctrine of contributory negligence, under our Constitution, is to be submitted to the jury. The lawmaking power of the state has the right to provide that the jury shall be the tribunal to determine this question; and it has done so. There was evidence in this case which, if the jury believed, tended to show that the accident happened at a crossing, and that the crossing signals were not given. The verdict of the jury shows that the jurors believed this evidence; and it is not the function of the court to decide the weight of the evidence. The instruction complained of might have stated to the jury more fully the doctrine and effect of contributory negligence; but, as stated, it was not erroneous, and if the defendant desired a fuller statement it should have requested a proper instruction. The instruction which it did request was properly refused, because it imposed

upon the plaintiff, as a matter of law, the duty to stop; and therefore we cannot hold that its refusal by the court was error. In view of the fact that under our law the jury must pass upon the question of contributory negligence, it is important that the trial courts should instruct it fully and carefully upon the subject; but, in order for this court to reverse the cause, there must be error in refusing an instruction requested, or in giving an instruction submitted to the jury, and we cannot reverse a case for lack of fullness. *First Nat. Bank of Muskogee v. Tevis,* 29 Okla. 714, 119 Pac. 218.

The next assignment of error presented by the defendant is that it was entitled to a unanimous verdict. The injury occurred prior to the adoption of the Constitution, but the suit was brought afterwards, and in such cases there is no right to a unanimous verdict, as this is a matter of procedure which is not protected by section 2 of the Schedule. This exact point has been settled by the case of *Independent Cotton Oil Co. v. Beacham,* 31 Okla. 384, 120 Pac. 969.

The remaining assignment of error relates to an alleged refusal by the court to hear argument on the motion for new trial. It appears from the record that the motion was filed on December 21st, and hearing upon it at that time continued until the January term of the court; that at the January term the court set a day for the consideration of motions, demurrers, and the trial of all equity cases; that due notice of this order was given by the court; that at that time the court convened and called the docket in regular order; that on the regular call this motion for new trial was reached, but counsel were not present to present the same, and that the court thereupon overruled the motion and granted an exception and time within which to make the case, under a recital that the court was familiar with the contents of said motion, the questions therein raised, and fully considered the same; that thereafter, on the same day, counsel for both sides appeared, and the defendant requested permission to present and argue the motion, and counsel for the plaintiff did not resist the request, but the same was refused by the court and an ex-

ception allowed. We cannot say that this was an abuse of discretion. *Wicker v. Dennis*, 30 Okla. 549, 119 Pac. 1122; *Oklahoma Portland Cement Co. v. Anderson*, 28 Okla. 650, 115 Pac. 767; *Linson v. Spaulding*, 23 Okla. 254, 108 Pac. 747; *Lewis v. Hall*, 11 Okla. 684, 69 Pac. 890; *Pinson v. Prentise*, 8 Okla. 143, 56 Pac. 1049.

Finding no reversible error in the record, we think the case should be affirmed.

By the Court: It is so ordered.