## SLOAN *et al.* v. WARRENBURG.

No. 2436. Opinion Filed January 7, 1913.

(129 Pac. 720.)

MASTER AND SERVANT—Evidence—Subsequent Alterations and Precautions. In an action to recover damages based on alleged negligence in failing to provide safe appliances with which to work, it is error for the court, over objection, to admit evidence disclosing alterations and repairs and precautions made and taken after the accident to avoid the recurrence of similar accidents.

(Syllabus by Ames, C.)

*Error from District Court, Logan County;*
*A. H. Huston, Judge.*

Action by Nellie Warrenburg against G. W. Sloan and another to recover damages resulting to plaintiff for the alleged wrongful death of her husband, Louis G. Warrenburg, deceased. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

*John Adams* and *Devereux & Hildreth,* for plaintiffs in error.

*McGuire & Smith,* for defendant in error.

Opinion by AMES, C. The deceased was an employee of

the defendants. The defendants were adding a second story to a brick building in the town of Crescent. The deceased was assisting the defendants in elevating brick to the second story. The method was as follows: A telephone pole, about 28 feet long, was placed on top of the original one-story building. The large end was laid on the roof. Two by four pieces were crossed over this end and nailed into the telephone pole with twenty-penny nails, and the other end nailed to the joists supporting the roof. Into the saddle over the telephone pole, produced by the crossing of these 2 x 4 pieces, bags of heavy material, weighing about 200 pounds, were placed, and over the whole was piled several hundred pounds of stone. The evidence also discloses that this was the usual way of constructing this kind of a hoist. At the point where the telephone pole projected over the brick wall the pole was elevated and supported by a crotch constructed for that purpose, so that the front end of it was five or six feet higher than the other end. The front end projected five or six feet beyond the wall, and ropes were adjusted at the front end, which were attached to a box, and this box was hauled up through a pulley; the ropes being drawn by a horse. The deceased and one of the defendants loaded the box with brick. Ropes were attached to each end of the box, and it was the duty of the deceased to hold these ropes and prevent the box of brick from rubbing against the wall or into any openings, as it was drawn up, while the defendant drove the horse. At the time of the accident, as the box was being elevated, the deceased failed to get a firm hold on the ropes, and the box swung in toward the building, catching in a doorway. The defendant, not noticing the situation, continued driving the horse; the result being that by reason of this obstruction in the usual method of doing the work the telephone pole fell, the back end was loosened from the roof, and the pole turned a somersault over the wall. The deceased, in backing away from the falling pole, stumbled, was caught by the pole, and killed instantly.

The errors alleged and discussed are that the case should not have been submitted to the jury, because there was no sufficient evidence of the primary negligence of the defendants;

that according to the plaintiff's own testimony the deceased was guilty of contributory negligence; and that the court erred in admitting evidence showing that after the accident the defendants replaced this pole and fastened the back end of it in a different manner.

As the case must be reversed upon the last ground, it is unnecessary to consider the first two, although we have some doubt about there being any sufficient evidence of the defendants' primary negligence. Upon a new trial, however, the evidence may be different. That the defense of contributory negligence must be submitted to the jury has been decided in other cases. *C., R. I. & P. Ry. Co. v. Baroni,* 32 Okla. 540, 122 Pac. 926; *C., R. I. & P. Ry. Co. v. Hill, post,* 129 Pac. 13, recently decided.

Upon the last proposition the record discloses that over the defendants' objection the plaintiff was permitted, upon the cross-examination of one of the defendants' witnesses, to show that after the accident the telephone pole was replaced on the roof, and instead of being fastened in the same manner as before a hole was cut in the roof, and the pole was securely tied to the joists which supported the roof. This was error. Whether or not a defendant is guilty of negligence depends upon the question whether he exercised reasonable care under the circumstances existing at the time, not whether he had done everything which it was possible to do in the light of every possible danger that might arise. It may well be that after an accident has actually happened, in order to prevent its recurrence, an owner might exercise extraordinary care, and in so doing take precautions which would never have occurred to him but for the accident, and which are not usually observed in the business. A party's conduct must be judged by the circumstances, conditions, and duties existing at the time, and which are known to him, or in the exercise of reasonable care should be known to him; and therefore it is almost universally held that precautions taken after an accident are not admissible in evidence as tending to show negligence before the accident. Under similar circumstances the court, in the case of *Missouri, K. & T. Ry. Co. v. Johnson,* 34 Okla. 582, 126 Pac. 567, held:

"Evidence of repairs or alterations in a railroad embankment and bridge, subsequent to a loss of property in a flood, is not competent as tending to establish negligence upon the part of the railroad in the original construction of such embankment and bridge."

The authorities upon this proposition are collected at length in 8 Encyclopedia of Evidence, page 914, and the rule as announced prevails in the English courts, the Supreme Court of the United States and the federal courts, in Alabama, Arkansas, California, Colorado, Connecticut, Idaho, Illinois, Indiana, Iowa, Kentucky, Maryland, Massachusetts, Michigan, Minnesota, Missouri, New Hampshire, New York, North Carolina, Oregon, Pennsylvania, Rhode Island, South Carolina, Tennessee, Texas, Washington, and Wisconsin. In Minnesota this rule now prevails, and earlier decisions to the contrary in that state have been overruled. There seems to be some conflict in the Georgia cases, while the contrary rule prevails in Kansas.

The plaintiff, however, argues that the error was harmless; but we cannot agree with this contention. The primary issue in the case was the question of the defendants' negligence, and it is altogether possible that on the evidence the jury might have found that the defendants were not negligent if this incompetent evidence had not been admitted. The unanimity with which the courts have excluded said evidence of itself indicates the belief that it is material, and one only has to consult his own common sense to perceive that when the court has treated this evidence as competent a jury will naturally regard it as material; and, while we uniformly decline to reverse a case because of an error which is not prejudicial, it seems apparent to us in this case that this error was prejudicial, and that the judgment of the trial court should be reversed and the cause remanded.

By the Court: It is so ordered.