## TSELOS v. EVANS.

No. 14962—Opinion Filed Dec. 30, 1924.

**Appeal and Error — Review—Conclusiveness of Verdict.**

Where there is competent evidence introduced at the trial, reasonably tending to support the verdict of the jury, and no prejudicial errors of law are shown in the instructions of the court or its ruling upon law questions presented during the trial, the verdict and finding of the jury are conclusive upon appeal to the Supreme Court.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action by N. M. Evans against George Tselos to recover a money judgment. Judgment for plaintiff, and defendant appeals. Affirmed.

Preston A. Shinn, for plaintiff in error.

Hargis, Bingham & Yarbrough, for defendant in error.

Opinion by FOSTER. C. This action was commenced in the district court of Osage county by the defendant in error. N. M. Evans, as plaintiff, against plaintiff in error, George Tselos, as defendant, to recover the sum of $1,200, alleged to be due the defendant in error as salary for the period beginning May 1, 1922, and ending January 1, 1923. Parties will be hereinafter referred to as they appeared in the trial court.

Plaintiff alleged in his petition that he was employed by the defendant to work in an establishment conducted by the defendant in the town of Shidler, Okla., known as the Post Office Confectionery, and that pursuant to such employment he worked from May 1, 1922, until January 1, 1923, earning as the reasonable value of his services during this time, a salary of $150 per month, or the total sum of $1,200, which remained due and unpaid.

The answer of the defendant was a general denial, and upon the issues thus presented the cause was tried by a jury, resulting in a verdict in favor of the plaintiff for the sum of $600. Motion for a new trial

was filed. overruled, exceptions allowed, and the cause comes on regularly to be heard in this court on appeal by the defendant.

The evidence introduced by the defendant developed that it was the theory of the defendant that the plaintiff and defendant were partners in the establishment, in which the plaintiff claimed to have been employed, and that, therefore, the defendant could not be liable in an action at law to recover for services rendered. The evidence of the plaintiff was to the effect that he was employed as alleged in his petition. These conflicting theories were submitted to the jury under instructions which are not criticized or challenged in any manner, resulting in a verdict in favor of the plaintiff for the sum of $600.

In these circumstances, if there was any testimony introduced by the plaintiff reasonably tending to support his theory, the verdict and judgment will not be disturbed in this court on appeal.

There was positive testimony by the plaintiff to the effect that he was employed by the defendant to work in the establishment at a reasonable wage; that he worked in the establishment as an employe from May 1, 1922, to January 1, 1923, and that the reasonable value of the services rendered was $150 per month. There was equally positive testimony by the defendant that the plaintiff entered the establishment in the capacity of a partner in the business, and other evidence was introduced tending to support his theory. Under these circumstances this court on appeal will not weigh conflicting evidence, and the verdict of the jury will not be disturbed. Brock v. Williams, 16 Okla. 124, 82 Pac. 922; Sovereign Camp. W. of W. v. Bridges, 7 Ind. Ter. 433; Oklahoma Portland Cement Company v. Anderson, 28 Okla. 650, 115 Pac. 767; Bird v. Webber, 23 Okla. 583, 101 Pac. 1052.

It is contended by the defendant that in rebuttal upon cross-examination, plaintiff virtually admitted the existence of a partnership during the period in which he claimed the services were performed, and that in this situation it must be held that no evidence whatever was introduced by the plaintiff in support of his claim. This contention cannot be sustained.

We do not think that plaintiff's testimony in rebuttal can be regarded as an admission that he and the defendant were partners, so as to eliminate all conflict on this proposition.

Upon an examination of the entire rec-

ord we are convinced that the judgment of the trial court is correct, and should be and is hereby affirmed.

By the Court: It is so ordered.

Note:—See under (1) 4 C. J. pp. 851, 853.