## SEEKATZ v. FOLTZ.

No. 16243—Opinion Filed Feb. 2, 1926.

Rehearing Denied June 29, 1926.

### 1. Trial—Province of Jury—Credibility and Weight of Evidence.

The credibility of a witness and the effect and weight to be given to inconsistent or contradictory testimony are questions of fact to be determined by the triers of fact, whether court or jury, and not questions of law for the court. It is peculiarly within their province to weigh the testimony of the witnesses, as well as all the facts and circumstances tending to corroborate or to discredit them, and determine the case according to the preponderance of the evidence.

### 2. Appeal and Error—Sufficiency of Evidence—Conclusiveness of Verdict.

Where there is competent evidence introduced at the trial reasonably tending to support the verdict of the jury, and no prejudicial errors of law are shown in the instructions of the court, or its ruling upon law questions presented during the trial, the verdict and finding of the jury are conclusive on appeal to the Supreme Court.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from Court of Common Pleas, Tulsa County; Saul A. Yager, Judge.

Action by C. W. Foltz, doing business under the style and firm name of Foltz Mill & Cabinet Works, against J. A. Seekatz, to recover a money judgment. Judgment for plaintiff, and defendant appeals. Affirmed.

W. F. Schuermeyer, for plaintiff in error.

Eakes & Lisle, for defendant in error.

Opinion by FOSTER, C. The defendant in error was plaintiff and the plaintiff in error was defendant in the trial court, and they will be designated herein as they appeared in that court. The plaintiff filed his amended petition in the court of common pleas of Tulsa county, alleging that there was due him, under the terms of an oral contract between him and the defendant, the sum of $314.37, being the fair value of certain labor performed and material furnished by him in the construction of improvements upon certain store buildings owned by the defendant. During the trial a further amendment to the petition was allowed, whereby the plaintiff sought to recover the further sum of $62, as a reasonable profit on the undertaking, making a total sum of which judgment was claimed of $376.37.

Plaintiff was the owner and proprietor of the Foltz Mill & Cabinet Works, and alleged that he' had originally agreed to construct fronts for five certain store buildings, owned by the defendant in the city of Tulsa, for the sum of $325; that subsequently, owing to certain changes in the plans requested by the defendant, a new oral contract was entered into, whereby the plaintiff undertook to construct the fronts in accordance with plans and specifications determined by the defendant, and pay the plaintiff therefor the reasonable value of the material furnished and labor performed in constructing the improvements, and that owing to still further changes and disagreements he finally abandoned the work altogether, but not until he had expended in labor and material, plus a reasonable profit on the job, the sum of $376.37.

The defendant specifically denied the making of a new oral contract to take the place of the original contract, admitted the making of the original contract, and by way of cross-petition and counterclaim sought to recover of and from plaintiff the sum of $57.-10, being the alleged difference between the amount for which the plaintiff had originally agreed to do the work and the amount which it had actually cost defendant to complete the same, upon the theory that when the plaintiff had finally abandoned the job, he authorized the defendant to charge the entire cost of finishing the improvements against the original contract price.

Upon these issues the cause proceeded to trial before the court and a jury, resulting in a verdict in favor of the plaintiff for the sum of $314.37. Judgment in accordance with the jury's verdict was duly rendered, and from this judgment and from an order overruling his motion for a new trial, the defendant appeals, claiming that the judgment is not sustained by sufficient evidence and that there was no competent evidence to support the verdict.

The claim is that by the plaintiff's own evidence it was established that when he abandoned the work he authorized the defendant to charge the entire cost of finishing the improvements back against the contract price, regardless of changes made or to be made by the defendant in completing the improvements. We are unable to agree with this contention. The question of whether the original contract, on account of changes in the plans requested by defendant, had been superseded by a new verbal agreement was directly in issue under the pleadings filed in the case, and this issue was by the court submitted to the jury, and the jury, by its verdict, found in effect that a new oral agreement had been made, whereby, in consideration of defendant's right to order changes in the plans, the plaintiff was entitled to recover the fair value of the labor performed and material furnished. There was, in our judgment, ample evidence in the record to sustain the verdict of the jury on this phase of the case. There is evidence that changes in the work were made from time to time as the work progressed. The testimony of the plaintiff was to the effect that the defendant ordered these changes arbitrarily, and it is inconceivable to our minds that the plaintiff would agree that such changes might be made by the defendant and the entire costs charged against the original contract price. If the jury was justified in finding that the original contract had been superseded by the new agreement, then the argument of defendant that he was authorized to charge the total cost of finishing the improvements back against the original contract price falls of its own weight.

On the other hand, the theory of the plaintiff that the parties finally agreed to end the contract—the plaintiff to receive the actual value of the labor he had performed and materials actually furnished up to that time, and the defendant to then finish the job to suit himself—in view of the differences that existed between the parties, is not unreasonable.

On redirect examination the plaintiff was asked the following question:

"Q. Now, then, did you at that time say to Mr. Seekatz these words substantially: 'You can go ahead and finish that any way you want to, and charge it against what I have already finished in the way of labor and material, and what I have done on the contract?' No, sir."

The question of the effect to be given to this and other testimony, in view of what may appear to be inconsistent or contradictory testimony given by the plaintiff on cross-examination by the defendant, was a question for the jury to determine as triers of the facts, and especially is this so in view of plaintiff's attempt to explain this discrepancy upon further recross-examination.

In Moore v. First National Bank of Iowa City, 30 Okla. 623, 121 Pac. 626, this court said:

"Where the only testimony upon a material issue is that of an interested party and such testimony is inconsistent or contradictory and the replies to questions are evasive and unreasonable, and where the jury may draw inferences therefrom unfavorable to plaintiff or defendant, as the case may be, the court should never direct a verdict, but should submit to the jury all controverted questions of fact under proper instructions.

"The credibility of a witness and the effect and weight to be given to inconsistent or contradictory testimony are questions of fact to be determined by the triers of fact, whether court or jury, and not a question of law for the court. It is peculiarly within their province to weigh the testimony of the witnesses, as well as all the facts and circumstances tending to corroborate or discredit them, and determine the case according to the preponderance of the evidence."

The plaintiff testified positively that he had furnished labor and material in the performance of the contract, including a reasonable profit on the job, of the value of $376.37. Against this he admits a setoff in favor of the defendant in the sum of $25, the price of a pair of glasses furnished by the defendant to plaintiff's wife. The jury rendered a verdict for $314.37. The claim of the defendant that the judgment is too large is therefore without merit.

The matters in controversy in this case were submitted to the jury under instructions which are not criticised in any manner. The jury, by its verdict, found the issues in favor of the plaintiff, and the trial court has approved the verdict. There was evidence introduced on behalf of the plaintiff, which, under rules of law hereinbefore quoted, reasonably tended to support the verdict of the jury. In these circumstances this court on appeal will not weigh conflicting evidence, and the verdict of the jury will not be disturbed. Tselos v. Evans, 109 Okla. 116, 234 Pac. 592; Oklahoma Portland Cement Co. v. Anderson, 28 Okla. 650, 115 Pac. 767.

The judgment of the trial court is therefore affirmed.

By the Court: It is so ordered.

Note.—See under (1) 38 Cyc. pp. 1516, 1518, 1521; 16 R. C. L. p. 183; 3 R. C. L. Supp. p. 545; 26 R. C. L. p. 1027. (2) 4 C. J. p. 853 § 2834; 2 R. C. L. p. 194; 1 R. C. L. Supp. p. 443; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79.